UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents and | : | CIVIL ACTION NO. |
| next friends, Mr. and Mrs. C.H. | : | 3:02CV252 (SRU) |
| PLAINTIFFS, | : | |
| V. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, ET. AL. | : | |
| DEFENDANTS. | : | OCTOBER 21, 2003 |

### REPLY TO LOCAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION

**I. INTRODUCTION**:

The plaintiffs have moved for reconsideration of the Court's Ruling on Defendants' Motions to Dismiss insofar as it dismisses all claims for injunctive relief against the Southington Board of Education ("local defendants") and the Commissioner of the Connecticut Department of Education ("state defendant"). The local defendants have not opposed the Motion for Reconsideration insofar as it opposes the Court's determination that the issues raised by the First Count of the First Amended Complaint are moot. The local defendants argue in opposition, however, that the claims for permanent injunctive relief in the Second Count "have been mooted by the February 25, 2002 Settlement Agreement, by which the defendants did secure a service provider to provider to provide this IEP" and by "the hands of time." Defs' br. at 5, 6, 10, 11. The local defendants argue in the alternative that the Second Count should be dismissed because plaintiffs have not requested administrative hearings to challenge the several IEPs that have been formulated and revised by the Planning and Placement Team ("PPT") since

this lawsuit was filed. Defs' br. pp. 6-9.

Plaintiffs argue below that defendants' mootness defense is disingenuous, as the text of the Settlement Agreement reflects local defendants' counsels' refusal to resolve the merits of the lawsuit in the Settlement Agreement. The local defendants may not refuse to address the merits of this lawsuit in the Settlement Agreement, and insist here that the Settlement Agreement moots plaintiffs' lawsuit on the merits. Plaintiffs also argue in opposition that exhaustion is not required as to each and every modification to the IEP after a federal court acquires jurisdiction over an IDEA dispute.

The state defendant has not opposed the Motion for Reconsideration. Plaintiffs assert that the Court should reconsider its Ruling as it applies to the state defendant as hearing officers clearly have no jurisdiction over the Connecticut Department of Education, and the state defendant has failed to present any argument to the contrary.

## II. **ARGUMENT**:

### 1. **Reconsideration of the Dismissal of the First Count**:

The local defendants do not oppose plaintiffs' Motion for Reconsideration insofar as it asserts that the Court should reconsider its dismissal of the First Count. Indeed no compelling argument can be made that the Stipulated Agreement renders moot the plaintiffs' claim that hearing officers must address the local defendants' failure to *implement* an agreed-upon IEP. Indeed, the defendants argue that plaintiffs' claim that the Board has failed to implement an agreed-upon IEP must be considered by an administrative hearing officer before it can be

addressed by the Court.  It is evident, therefore, that the defendants assume that hearing officers have the jurisdiction to entertain the plaintiffs' claim that the Board has failed to implement B.H.'s IEP.  Unfortunately, the hearing officer reached the opposite conclusion – that she had no jurisdiction over the dispute in light of the parties' representation that there was no dispute over the content of the IEP.  It is clear from the above that it is possible that a hearing officer could conclude that he/she lacks jurisdiction to address the local defendants' failure to implement the IEPs developed since January 29, 2002.  Since it is possible that plaintiff will be subject to the same unfavorable action again, the capable of repetition, yet evading review, exception to the mootness doctrine compel reconsideration and reversal of the Court's Ruling that the First Count should be dismissed.  *Weinstein v. Bradford*, 423 U.S. 147, 149, 46 L. Ed. 2d 350, 96 S. Ct. 347 (1975) (*per curiam*).

**2.  Reconsideration of the Dismissal of the Claim for Injunctive Relief in the Second Count:**

The Second Count asserts that by failing to implement B.H.'s IEP the local defendants have failed to provide plaintiff with a free appropriate public education.  Plaintiffs claim, by way of relief, declaratory relief, preliminary and permanent injunctive relief, money damages, and compensatory education.[1]  First Amended Complaint, §§ IX a, e, f, g, h, and i.  The Court holds that plaintiffs' claims for money damages under the IDEA and 42 U.S.C. § 1983, and

---

[1] Local defendants assert throughout their brief that plaintiffs are in disagreement with the contents of the IEPs that have been proposed for B.H.  *See*, defs' br. at 10, 11.  The plaintiffs have repeatedly argued, however, that the overarching problem is the failure of local defendants to implement agreed-upon IEPs and to follow the recommendations of the independent consultant.

3

compensatory education may proceed to trial, but that all other claims for relief will be dismissed. Plaintiffs argue in their Motion for Reconsideration that a Settlement Agreement cannot serve as a basis to dismiss the claims for final declaratory and injunctive relief on mootness grounds as the Settlement Agreement resolves only those claims relating to preliminary injunctive relief. Plaintiffs assert in further support that defendants may not ask the Court to assume on a Motion to Dismiss that the allegation in the Second Amended Complaint – that defendants have failed to implement an appropriate IEP for B.H. – is inaccurate. Declarations from the Independent Consultant, Dr. Luddy, and another respected expert, Dr. Majure, are submitted to establish that the allegations relating to the failure to implement an appropriate program are still appropriate.

Defendants argue that the Court should assume that plaintiffs' claim for injunctive relief has been mooted by changed circumstances. According to defendants "[t]his claim for relief has been clearly mooted by the February 25, 2002 Settlement Agreement, by which the defendants did secure a service provider to provide this IEP." Defs' br. at 5, 6. Defendants' argument is disingenuous to the extent they argue that the Settlement Agreement moots plaintiffs' claims for final injunctive relief. Defendants steadfastly refused throughout the negotiations to settle the claims for injunctive relief on the merits. The text of the Settlement Agreement confirms that to be the case. Defendants may not now urge the Court to assume that the Settlement Agreement was intended to resolve the claims for permanent injunctive relief.

Moreover, defendants may not ask the Court to assume in connection with its Motion to

4

Dismiss that changed circumstances have mooted plaintiffs' claims.  The First Amended Complaint clearly states that defendants have failed to implement an appropriate special education program for B.H.  Defendants have submitted no affidavits or other documents to contest these allegations.  Moreover, plaintiffs have established through the unopposed Declarations of Drs. Luddy and Majure that defendants' failure to implement the IEP continues to this day.

It is well established that defendants may not ask the Court to assume facts that are inconsistent with the allegations in the complaint on a Motion to Dismiss.  A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted," must be denied unless the moving party proves "beyond doubt that plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord, Hishon v. King & Salding*, 467 U.S. 69 (1984); *Sweet v. Sheahan*, 235 F. 3d 80, 83 (2d Cir. 2000).  In ruling on a Motion to Dismiss, the district court is obliged to accept the allegations in the amended complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 99 (2d Cir.), *cert. denied*, 122 S.Ct. 666 (2001).  "The issue is not whether a plaintiff is likely to prevail ultimately, 'but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.'"  *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995)(*quoting, Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The presumption against

dismissal becomes even greater where, as here, a violation of civil rights is alleged. *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994).[2]

The local defendants' final argument is that the claim for permanent injunctive relief in the Second Count was properly dismissed because the plaintiffs have not requested an administrative hearing to challenge the appropriateness of the several IEPs and changes to B.H.'s program that have been developed since this lawsuit was filed. Defs' br. at 7 – 10. Defendants cite six cases in support of their position. None of the cases relied upon by defendants address the facts and circumstances of this lawsuit. In *Polera v. Board of Education*, 288 F.3d 478, 483 (2nd Cir. 2002), *Garro v. Connecticut,* 23 F.3d 734, 737 (2nd Cir. 1994), *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2nd Cir. 1987) and the other cases cited on page 7 of the local defendants' brief, the plaintiffs never attempted to comply with the IDEA's exhaustion requirements but instead bypassed the IDEA requirements completely and pled their cases under different statutes or for alternative damages unavailable under the IDEA.[3] Consequently, the

---

[2] Moreover, to the extent that the allegations in the complaint are deemed insufficient, the remedy should be to permit amendment to the complaint, rather than to dismiss the matter. In *Oliver Schools, Inc. v. Foley*, 930 F. 3d 248 (2nd Cir. 1991) the Second Circuit reversed the district court's decision to dismiss the case outright because the complaint did not clearly state the basis for the claims against school officials in their individual capacities. According to the Court, it was reversible error to dismiss the case when it was not "beyond doubt" that plaintiff could prove no set of facts establishing liability of the school officials in their individual capacities. It would have been more appropriate to grant plaintiff leave to cure subject matter jurisdictional defects. *Id*. at 252.

[3] Local defendants' argument that the courts have held that plaintiffs must raise each specific violation and claim for relief at a hearing before it can be presented to a court goes too far. Exhaustion is not an inflexible rule. Under certain circumstances, not all § 1415(a)-(e) administrative remedies must be exhausted prior to invoking a civil action under § 1415(e). *See Quackenbush v. Johnson City School Dist.,* 716 F.2d 141, 147-48 (2d Cir. 1983), *cert. denied*, 465 U.S. 1071, 79 L. Ed. 2d 750, 104 S. Ct. 1426 (1984) **[**24]** (allowing § 1983 action when state directly responsible for plaintiff's failure to exhaust administrative remedies); *see generally Cain v. Yukon Pub. Schools,* 775 F.2d 15, 20 (10th Cir. 1985) (noting importance of notification requirements); *Hall v. Vance County Bd. of Educ.*, 774 F.2d 629, 634 (4th Cir. 1985) (same). Congress specified the situations in which before filing suit, exhaustion of the due process and

cases cited by defendants are not helpful in determining whether B.H. must re-exhaust administrative remedies before issues relating events occurring subsequent to the January 29, 2003 hearing can be raised in this Court.

Courts that have encountered facts more similar to those presented here have refused to impose a re-exhaustion requirement. "Having found that this court has jurisdiction to review the 1978-79 IEP, there is no need to find jurisdiction over the 1979-80 IEP. In a case in which jurisdiction is properly predicated on 20 U.S.C. § 1415(e)(2)[now 20 U.S.C. § 1415(i)(2)(B)], which would include injunctive relief extending beyond the school year at issue." *M.K. v. Sergi*, No. 3:96CV0482(WIG)(D.Conn. January 6, 2003)(Ruling on Plaintiffs' Motion to Amend and Other Pending Motions), p. 3 (attached as exhibit A), q*uoting*, *Rowley v. Board of Education*, 483 F. Supp. 536 (S.D.N.Y. 1980), *aff'd*, 632 F.2d 945(2nd Cir. 1980), *rev'd and remanded on other grounds*, 458 U.S. 176 (1982). *See also*, *DeVries v. Spillane*. 853 F.2d 264 (4th Cir.

---

review procedures set forth in § 1415(b)(2) and (c) is not a prerequisite. *See* 1986 Senate Report, *supra*, at 15; 1985 House Report, *supra*, at 7; *see also Doe v. Gonzales*, 793 F.2d 1470, 1490 (9th Cir. 1986) (exhaustion not required where administrative relief would be futile or inadequate), *cert. granted on other grounds*, 479 U.S. 1084, 107 S. Ct. 1284, 94 L. Ed. 2d 142 (1987). These situations include complaints that:

> (1) it would be futile to use the due process procedures . . .; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies (e.g., the hearing officer lacks the authority to grant the relief sought) . . . .

1985 House Report, *supra*, at 7; *see* 1986 Senate Report, *supra*, at 15 (exhaustion excused if not required under EHA); *see also J.G. v. Board of Educ. of the Rochester City School Dist.*, 830 F.2d 444, slip op. 5525, 5531 (2d Cir. 1987) (§ 1988 attorneys' fees allowed in § 1983 action when plaintiffs allege deprivation of EHA due process rights and inadequate administrative remedies); *Manecke v. School Bd. of Pinellas County*, 762 F.2d 912, 918-19 (11th Cir. 1985) **[\*757]** (§ 1983 action available to redress denial of access to EHA procedural safeguards), *cert. denied*, 474 U.S. 1062, 106 S. Ct. 809, 88 L. Ed. 2d 784 (1986); *Quackenbush*, 716 F.2d at 148 (permitting § 1983 action to plaintiff denied § 1415's procedural safeguards); *Jose P. v. Ambach*, 669 F.2d 865, 869-70 (2d Cir. 1982) (not requiring exhaustion of administrative remedies in complex class action alleging systematic EHA violations).

1988)(re-exhaustion of administrative remedies not required where complaint remained the same throughout all administrative and judicial proceedings, except plaintiff contemplated presentation of additional evidence in federal court).

This situation is well known in IDEA litigation. As the Supreme Court has observed:

> Judicial review invariably takes more than nine months to complete, not to mention the time consumed during the preceding state administrative hearings. The District Court thus correctly ruled that it retained jurisdiction to grant relief because the alleged deficiencies in the IEP were capable of repetition as to the parties before it yet evading review.

*Board of Education v. Rowley*, 458 U.S. 176, 186-87, n. 9 (1982).

In *Town of Burlington v. Department of Educ*., 736 F. 2d 773, 793 (1st Cir. 1984), the court concluded, in a case challenging the IEP for the 1979-80 school year, that, because the town did not prepare IEPs for the 1980-81 and 1981-82 school years and no administrative appeal was taken as to these years, there were no reviewable findings or decision, as contemplated by 20 U.S.C. § 1415(e)(2) [now 20 U.S.C. § 1415(i)(2)(B)] for the district court to review. Nevertheless,

> Despite the absence of any reviewable 'findings and decision' by the state agency for subsequent years, the district court has authority with respect to those years under its power to grant appropriate relief incident to its determination concerning the contested IEP for the initial year, 1979-80. If, on remand the district court finds … that the Towns' 1979-80 IEP was improper and that the Carroll School was then the correct placement, we believe it could order the Town also to pay for John's attendance at the Carroll School in 1980-81 and in later years up through the end of the school year in which the court's ruling is made - - unless the court finds that other factual circumstances not now apparent warrant a different result.

736 F.2d at 795. Similarly in *M.K. v. Sergi* (attached as exhibit A) Judge Garfinkel allowed plaintiff to amend his complaint to assert violations of his rights for years subsequent to the filing of the complaint in a case that has been pending in federal court since 1996.

For similar reasons this Court should not dismiss this lawsuit because the plaintiffs have not requested a hearing to challenge each and every modification that the local defendants have made to B.H.'s IEP since January 2002. Such a requirement will make it virtually impossible for any parent to obtain appropriate relief under 20 U.S.C. § 1415(i)(2)(B)(iii) as any change to a student's IEP will require dismissal of the parents' pending lawsuit until new and costly administrative proceedings have been exhausted. Frequent changes in a child's IEP will make it virtually impossible for a parent to have his/her federal claim decided by a federal court.

### III.  CONCLUSION:

For the foregoing reasons and for the reasons stated in plaintiffs' Motion for Reconsideration and supporting memorandum, the Court should reconsider and reverse its decision to dismiss the First Count and the claims for injunctive relief in the Second Count. The fact that the PPT has considered and adopted modifications to B.H.'s IEP should not occasion the dismissal of the claims for permanent injunctive relief. Evidence as to the appropriateness of subsequent IEPs should be admitted and taken into account in connection with plaintiffs' claims for relief (damages, compensatory relief and injunctive relief) for failing

to provide B.H. a free appropriate public education.[4]

The Court should also reconsider and reverse its decision to dismiss the claims asserted against CSDE for the reasons stated in plaintiffs' unopposed Memorandum in Support of Motion for Reconsideration.

                                       PLAINTIFFS,

                                       By_____
                                       David C. Shaw, Esq.
                                       34 Jerome Ave., Suite 210
                                       Bloomfield, CT 06002
                                       Tel.: (860) 242-1238
                                       Fax.: (860) 242-1507
                                       Fed. Bar No. ct 05239

---

[4] Local defendants argue that plaintiffs admit that the administrative hearing officer should be the initial decision maker with regard to the appropriateness of B.H.'s program. Defs' br. p. 11. A more accurate statement of plaintiffs' position is that the hearing officer should have determined whether the local defendants failed to implement the agreed-upon IEP in the first instance. Plaintiffs do not agree that each of the many changes in B.H.'s program must be presented to the hearing officer before they may be introduced into these proceedings. Such an interpretation would require the parents to take each of the many changes to B.H. program to hearing. Such a requirement would impose an impossible financial and emotional burden on parents.

EXHIBIT A

This Exhibit A is attached in paper form to this Reply filed with the Court this date.

*M.K. V. Sergi,* No. 3:96CV0482 (WIG) – Ruling on Plaintiffs' Motion to Amend and Other Pending Motions. January 6, 2003.

## **CERITIFICATION**

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on October 21, 2003:

Mark Sommaruga, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Ralph E. Urban, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

_____
David C. Shaw, Esq.