UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| B.H., et al.,<br>    Plaintiffs,<br><br>v.<br><br>SOUTHINGTON BOARD OF<br>EDUCATION, et al.,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     Civ. Action No.<br>    3:02 CV 252 (SRU) |

### RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION

B.H., a disabled minor, by and through his parents, Mr. and Mrs. C.H. (collectively, "the plaintiffs"), brought this action pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415, et seq. ("IDEA"), and 42 U.S.C. § 1983. The plaintiffs allege that the defendants, the Southington Board of Education and its employees, Frances J. Hagg and Anthony D'Angelo[1] (collectively, "the Board Defendants"), and the Connecticut Department of Education, through its Commissioner Theordore Sergi (collectively, "the State Defendants"), violated B.H.'s rights under the IDEA in connection with his education in the Southington School District. The plaintiffs seek monetary and equitable relief. Currently pending is the plaintiffs' motion for partial reconsideration (doc. # 82) of the court's July 25, 2003 Ruling (doc. # 75). For the reasons stated herein, the plaintiffs' Motion for Reconsideration is granted, and on reconsideration the requested modifications of the court's Ruling are granted in part and denied in part.

For purposes of this ruling, the court presumes familiarity with the facts and conclusions

---

[1] Frances J. Haag and Anthony D'Angelo are, respectively, the Senior Coordinator and Coordinator of Special Education for the Town of Southington.

of law as stated in the July 25, 2003 Ruling. See B.H. v. Southington Bd. of Educ., 273 F. Supp. 2d 194 (D. Conn. 2003).

## I. Discussion

As the plaintiffs note, the standard for granting a motion for reconsideration is "strict." A motion for reconsideration "is not simply a second opportunity for the movant to advance arguments already rejected." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Thus, the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." Channer v. Brooks, 2001 WL 1094964, *1 (D. Conn. 2001) (citations omitted and internal quotation marks omitted).

The plaintiffs argue first that the court should not have dismissed the claims for permanent injunctive and permanent declaratory relief in Counts One and Two because the Stipulated Agreement did not resolves such claims. The Stipulated Agreement states, in relevant part: "This Agreement resolves all claims for preliminary injunctive and declaratory relief raised by this lawsuit. However, plaintiffs' claims for damages, attorneys' fees and costs are not covered and will be resolved through subsequent proceedings." See Stipulated Agreement, dated February 28, 2002 (doc. # 16). The Stipulated Agreement is poorly drafted. In the first quoted sentence, the parties identify the claims they have resolved and, in the second quoted sentence, the parties identify the claims that still must be litigated in this case. In neither sentence is there any mention of permanent equitable relief. Because the only claims the parties listed as still in

dispute involve money damages claims, the court reasonably understood that no equitable claims remained unresolved. On reconsideration, the court concludes that the language of the Stipulated Agreement is ambiguous. Accordingly, there may have been no meeting of the minds concerning whether claims for permanent equitable relief were resolved. Under these circumstances, the only reasonable course is to reinstate plaintiffs' claims for permanent equitable relief in Counts One and Two.

The plaintiffs next argue that the court mistakenly granted the State Defendants' motion to dismiss Count Three. Count Three alleges that the State Defendants violated plaintiffs' rights under 20 U.S.C § 1413(h) and C.F.R. § 300.360 by failing to implement B.H.'s October 17, 2001 IEP in light of the Board Defendants' failure to implement the IEP. The court dismissed Count Three because the plaintiffs failed to properly notify the State Defendants -- prior to bringing suit against them -- that the Board Defendants had failed to implement B.H.'s IEP. In so holding, the court determined that the plaintiffs had "never requested a due process hearing to resolve this claim, presented this claim at the due process hearing, or even included the State Defendants at the due process hearing." B.H., 273 F. Supp. 2d at 200 (D. Conn. 2003). In addition, the court noted that the plaintiffs failed to notify the State Defendants of the Board Defendants' failure to implement B.H's IEP via the complaint procedure described in 34 C.F.R. § 300.662. See id. at 201-02.

In the present motion, the plaintiffs claim that they are not required to pursue either administrative remedies under the IDEA or file a complaint pursuant to 34 C.F.R. § 300.662 prior to maintaining an action against the State Defendants. Rather, the plaintiffs claim that they are only required to demonstrate that the State Defendants were aware -- regardless of the means

3

in which they became aware -- that the Board Defendants were not implementing B.H.'s IEP, and that the State Defendants did not "step in" and provide the necessary services themselves. Accordingly, the plaintiffs contend that both their December 17, 2001 letter informing the State Defendants that the Board Defendants were not enforcing Hearing Officer Slez's Interim Order, and their July 23, 2003 disclosure of expert reports indicating that B.H. was not receiving an appropriate IEP, sufficiently notified the State Defendants that B.H. was not receiving his IEP.

Even if the plaintiffs are correct in their contention that they are not required to exhaust either the IDEA's administrative procedures or the Regulations complaint procedure, they still have not provided cause to reinstate the claims against the State Defendants in this case. For the reasons previously stated in the July 25, 2003 Ruling, the December 17, 2001 letter was insufficient to trigger the State Defendant's responsibilities under the IDEA. See B.H., 273 F. Supp. 2d at 200-02. In addition, even if the plaintiffs properly notified the State Defendants via the July 23, 2003 disclosures, they have not supplied the court with any authority for the proposition that the July 23, 2003 disclosures retroactively cured their failure to properly notify the State Defendants of their responsibilities under the IDEA as of the filing of the Amended Complaint. The State Defendants cannot be sued for failing to correct omissions of the Board Defendants about which they received no proper notice until after the filing of the lawsuit. Accordingly, the court adheres to its dismissal of Count Three.

**II.     Conclusion**

For the foregoing reasons, Plaintiffs' motion for reconsideration (doc. # 82) is granted. On reconsideration, the claims for permanent equitable relief set forth in Counts One and Two are reinstated, but the claims against the State Defendants are not reinstated.

It is so ordered.

Dated at Bridgeport this 7th day of January 2004.

                                            /s/ Stefan R. Underhill
                                            Stefan R. Underhill
                                            United States District Judge