[FILED]

2004 FEB 25  P 2: 44

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents<br>and next friends, Mr. and Mrs. C.H.,<br>Plaintiffs | )<br>)<br>) | CIVIL ACTION NO.<br>3:02CV00252(SRU) |
| v. | )<br>) | |
| SOUTHINGTON BOARD OF EDUCATION,<br>ET AL, | )<br>)<br>) | |
| Defendants | ) | FEBRUARY 25, 2004 |

ANSWER AND AFFIRMATIVE DEFENSES

The defendants, Southington Board of Education, Frances Haag, and Anthony D'Angelo, hereby submit their Answer and Affirmative Defenses to the Plaintiff's November 8, 2002 Second Amended Complaint.

I. JURISDICTION

1.      The defendants deny the allegations contained in paragraph 1 to the extent that the plaintiff alleges that the defendants, under color of state law, deprived him of his rights secured

by federal law and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The defendants leave plaintiff to his proof as to the amount in controversy - in excess of $75,000 exclusive of interests and costs.

2.       The defendants submit that the plaintiff has failed to state a cause of action and leave plaintiff to his proof as to jurisdiction pursuant to 20 U.S.C. §1415 and 42 U.S.C. §1983.

## II. PARTIES

3.       Admitted.

4.       Admitted.

5.       Admitted.

6.       It is admitted that Frances J. Haag (hereinafter "Haag") is currently the Senior Coordinator of Special Education for the Town of Southington. It is further admitted that Haag is one of the Board employees responsible for supervising the resources and staffing necessary to implement B.H.'s special education program. It is further admitted that the plaintiff has named Haag as a defendant in her individual capacity. All other allegations contained in paragraph 6 are denied.

7.       It is admitted that Anthony D'Angelo (hereinafter "D'Angelo") was employed by the Southington Board of Education as a Coordinator for Special Education, and as such, he is one of the individuals responsible for the development of an appropriate individualized education

program (I.E.P.) for B.H.  It is further admitted that D'Angelo assisted with the supervision of B.H.'s program.  It is further admitted that the plaintiff has named D'Angelo as a defendant in his individual capacity.  All other allegations contained in paragraph 7 are denied.

8.      The allegations against the Connecticut State Department of Education, Commissioner Theodore Sergi and Education Consultant Thomas Badway have been dismissed therefore requiring no response from the remaining defendants as to the allegations contained in paragraph 8.

8a.      The allegations against the Connecticut State Department of Education, Commissioner Theodore Sergi and Education Consultant Thomas Badway have been dismissed therefore requiring no response from the remaining defendants as to the allegations contained in paragraph 8a.

## III. FACTS

9.      Admitted.

10.      Exhibit A referred to in paragraph 10 speaks for itself and therefore paragraph 10 requires no response from the defendants.

11.      Denied.

12.      It is denied that B.H.'s special education program during the 2001-2002 school year was not defined.  Exhibit B identified by the plaintiff in paragraph 12 speaks for itself with regard to the remaining allegations contained in the first sentence of paragraph 12 therefore

requiring no response from the defendants.  It is admitted that prior to October 17, 2001 the Board implemented the I.E.P. that was in effect during the relevant period of time.  The remaining allegations in paragraph 12 are denied.

13.    Exhibits B and C identified by the plaintiff in paragraph 13 speak for themselves with regard to the allegations contained in this paragraph therefore requiring no response from the defendants.

14.    The defendants' response to paragraph 13 is incorporated herein in response to paragraph 14.  It is admitted that an outside, independent consultant was not hired during the period September 2001 through November 1, 2001.  The remainder of paragraph 14 is denied.

15.    It is admitted that Mr. and Mrs. H. commented about aspects of B.H.'s program during the period September 2001 through November 1, 2001 to which the defendants responded.  The defendants leave plaintiff to his proof as to the remainder of paragraph 15.

16.    It is admitted that, on or about November 1, 2001, Mr. and Mrs. H requested that the Board discontinue using the private agency that provided staffing for B.H.'s program.  It is further admitted that Mr. and Mrs. H. refused to send B.H. to school.  The remainder of paragraph 16 is denied.

17.    It is denied that since November 1, 2001 B.H. has had an extremely limited special education program.  It is admitted that B.H. has received related services, but has not attended school for a limited period of time.  The defendants leave the plaintiff to his proof as to the remaining allegations in paragraph 17.

18.    The first sentence of paragraph 18 is denied to the extent that the last agreed upon I.E.P. identified the private agency as a service provider to B.H. The defendants admit that qualified staff have been hired to provide educational services to B.H. and leave plaintiff to his proof as to the remaining allegations contained in paragraph 18.

19.    The first sentence of paragraph 19 is admitted. The defendants are without knowledge or information sufficient to form a belief as to the second sentence contained in paragraph 19.

20.    It is admitted that the independent consulting firm of Luddy and Associates was hired to coordinate B.H.'s educational program. It is admitted that as of on or about January 29, 2002, the Board had been unable to hire a one-to-one paraprofessional for B.H. The remaining allegations contained in paragraph 20 are denied.

21.    Admitted.

22.    Paragraph 22 is admitted to the extent that this paragraph constitutes Mr. and Mrs. H.'s allegations as contained in Exhibit E.

23.    Admitted.

24.    It is admitted that as of on or about January 29, 2002, the Board had been unable to hire a one-to-one paraprofessional for B.H. The remaining allegations contained in paragraph 24 are generally denied.

25.    Exhibit G and H speak for themselves therefore requiring no response from the defendants.

26.   Exhibit I speaks for itself therefore requiring no response from the defendants.

27.   Exhibit J speaks for itself with regard to the first sentence of paragraph 27 therefore requiring no response from the defendants. The second sentence of paragraph 27 is admitted.

28.   Admitted.

29.   Paragraph 29 is admitted only to the extent that this paragraph alleges the *statements* of Mr. and Mrs. H to the Connecticut State Department of Education Hearing Officer.

30.   On or about January 29, 2002, the Board admitted that it was unable to hire a one-to-one paraprofessional for B.H. program. It is further admitted that on or about January 29, 2002, the Board admitted that it intended to hire Luddy and Associates as a consultant to assist with B.H.'s educational program. The remaining allegations contained in paragraph 30 are denied.

31.   Exhibits K and L speak for themselves with regard to the hearing officer rulings and therefore require no response from the defendants.

32.   Denied.

## IV. FIRST COUNT

33.   Denied.

## V. SECOND COUNT

34.     It is admitted that the IDEA requires that the Board provide a free appropriate public education to B.H. The remainder of paragraph 34 is generally denied.

## VI. **THIRD COUNT**

35.     The allegations against the Connecticut State Department of Education, Commissioner Theodore Sergi, and Education Consultant Thomas Badway have been dismissed therefore requiring no response from the remaining defendants as to these allegations.

## VI. **FOURTH COUNT**

36.     The allegations contained in paragraph 36 are generally denied.

## VIII. **FIFTH COUNT**

37.     Denied.

38.     The defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.     Denied.

## IX. **SIXTH COUNT**

40.     The allegations against the Connecticut State Department of Education, Commissioner Theodore Sergi and Education Consultant Thomas Badway have been dismissed

therefore requiring no response from the remaining defendants as to the allegations contained in paragraph 40.

41.     The allegations against the Connecticut State Department of Education, Commissioner Theodore Sergi and Education Consultant Thomas Badway have been dismissed therefore requiring no response from the remaining defendants as to the allegations contained in paragraph 41.

## X.  **RELIEF**

The defendants deny that the plaintiff is entitled to any of the relief requested in his Complaint.

## XI.  **AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the defendants hereby interpose the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The defendants deny the plaintiff's allegations that they in any way violated his legal rights or that they in any manner acted contrary to law.  At the same time, with respect to the plaintiff's claims of damages, even were one to assume, *arguendo*, that the plaintiff had suffered injuries, the defendants note that the plaintiff could have avoided, or at least mitigated, those injuries had Mr. and Mrs. H., B.H.'s parents, agreed to allow the private agency to provide the services as previously recommended, or otherwise sabotaged the educational program recommended by the Planning and Placement Team.

## SECOND AFFIRMATIVE DEFENSE

During all times relevant to the complaint the undersigned individual defendants were duly appointed officials and/or employees of the Board of Education of the Town of Southington.  As such, any alleged actions or conduct of such individual defendants were taken within the scope of the individual defendants' duties on behalf of the Board of Education of the Town of Southington, were undertaken in the good faith performance of their official duties and/or did not violate any clearly established constitutional or statutory duties of which the defendants reasonably should have been aware; the undersigned individual defendant are thus entitle to qualified immunity to all liability.

**THIRD AFFIRMATIVE DEFENSE**

Any alleged actions taken by any agent or employee of the defendant Board of Education of the Town of Southington was discretionary and was expressly and implicitly granted by law. Accordingly, any such claims are barred by the doctrines of governmental immunity.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff has otherwise failed to state a basis upon which relief can be granted.

DEFENDANTS – SOUTHINGTON BOARD OF
EDUCATION, ET AL

By _____
    Nicole A. Bernabo (ct19783)
    Sullivan, Schoen, Campane & Connon
    646 Prospect Avenue
    Hartford, CT 06105
    Tel: (860) 233-2141
    Fax: (860)-233-0516
    Email: nbernabo@sscc-law.com

# CERTIFICATION

This is to certify that a copy of the foregoing Answer and Affirmative Defenses was mailed on the 25th day of February, 2004, via first class mail, postage prepaid, to David C. Shaw, Esq., 34 Jerome Avenue, Suite 210, Bloomfield, CT 06002.

Nicole A. Bernabo