UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | | |
|---|---|---|
| B.H., by and through his parents and | : | CIVIL ACTION NO. |
| next friends, Mr. and Mrs. C.H. | : | 3:02CV252 (SRU) |
| PLAINTIFFS, | : | |
| V. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, ET. AL. | : | |
| DEFENDANTS. | : | MARCH 2, 2004 |


**MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR EXTENSION OF TIME NUNC PRO TUNC AND
TO DEFENDANTS' DISCLOSURE OF EXPERT WITNESSES**


**INTRODUCTION**:

On February 23, 2004 the Court convened a status conference by telephone with counsel

for the plaintiffs and the Southington Board of Education defendants.  During that status

conference the Court made it clear that it wanted discovery to be completed expeditiously given

the alleged inadequacy of the special education program of B.H.  To that end, the Court

indicated that it wanted expert reports to be updated within thirty days and dispositive motions

to be filed as soon as possible thereafter.[1]  Defendants' counsel indicated during that telephone

conference that she wished to disclose an expert witness.  Plaintiffs' counsel objected because

the time for disclosing expert witnesses had passed.  The Court asked the defendants to

document any such request in a motion.

---

[1] In order to comply with the Court's instruction plaintiffs' have scheduled an on-site visit at the Southington
Public Schools by their out-of-state expert, Sue Gant, Ph.D., on March 12, 2004.  Her deposition has been
scheduled by defendants for March 16, 2004. Plaintiffs are also attempting to update the reports of their other
previously disclosed experts.

The defendants, Southington Board of Education, Anthony DiAngelo, and Frances Haag have now filed a Motion for Extension of Time Nunc Pro Tunc, (Doc. #99).  Defendants also purport to name two expert witnesses in their Disclosure of Expert Witnesses (Doc. #101).  The plaintiffs oppose the Motion and the untimely and inadequate disclosure of these expert witnesses.

The Court should take into consideration the following additional facts when ruling on defendants' Motion and Disclosure.  First, the defendants have failed to disclose experts within the time frame established by the Court.  On May 8, 2002 the Court entered a Scheduling Order that provided that plaintiffs would disclose the experts they intended to use at trial by no later than August 1, 2002, and that defendants would disclose any experts they intended to call at trial by no later than August 30, 2002.  The provisions of the Scheduling Order relating to expert disclosure was amended by the Court on July 31, 2002, September 17, 2002, December 10, 2002, March 14, 2003, June 10, 2003, and July 17, 2003.  The many modifications to the Scheduling Order were necessitated in part by the Orders entered by the Court on September 17, 2002 and November 26, 2002, temporarily staying further proceedings in the case.  The July 17, 2003 Endorsement Order required that plaintiffs' experts would be disclosed by July 25, 2003 and that defendants' experts would be disclosed by no later than September 25, 2003.  Plaintiffs' experts were timely disclosed on July 23, 2003.  Defendants made no effort to disclose experts until they filed their Disclosure of Expert Witnesses on February 25, 2004.

Second, the defendants name two persons as experts, Phoebe Tucker and Anna Eddy, but fail to attach copies of the experts' reports or make any of the other disclosures required by Fed. R. Civ. P. 26(a)(2)(B).

**ARGUMENT**:

When a party fails to respond to discovery requests or to comply with discovery orders, a Court may impose various sanctions pursuant to Rule 37, Fed. R. Civ. P., including the preclusion of evidence. Here the defendants have failed to make any effort to comply with the Court's July 17, 2003 Endorsement Order that defendants' experts must be disclosed by no later than September 25, 2003. Defendants have now moved to correct that error by disclosing the names of two experts out of time. That belated disclosure, however, does not come close to complying with Rule 26(a)(2)(B), Fed. R. Civ. P.

The Federal Rules of Civil Procedure, as amended in 1993, provide that a party shall provide the other parties to the case with "a written report prepared by and signed by" each of its expert witnesses. Fed. R. Civ. P. 26(a)(2)(B). The report must include "a complete statement of all opinions to be expressed and the basis and reasons therefore; [and] the data or other information considered by the witness in forming the opinions …" Id. According to the Advisory Committee notes on the 1993 amendment to Rule 26(a), paragraph (2)(B) "requires that persons retained or specially employed to provide expert testimony … must prepare a detailed and complete direct examination together with the reasons therefore." Rule 26(a)(2)(B) advisory committee's note on 1993 amend.

The case law outlines a four-part test to determine whether to exclude untimely expert testimony under Fed. R. Civ. P. 37(c)(1) – (1) surprise or prejudice suffered by the party opposing the disclosure; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case; and (4) whether there was bad faith or willfulness in failing to comply with the court

order.  *Equant Integrations Servs. V. United Rentals (N. Am.), Inc.,* 217 F.R.D. 113 (D. Conn.

2003); *Rmed Int'l v. Sloan's Supermarkets*, 2002 U.S. Dist. LEXIS 23829 (S.D.N.Y. 2002). The

defendants should not be permitted to disclose expert witnesses out of time under this standard.

Here, plaintiffs are prejudiced by the failure of defendants to disclose these experts

within the time frame established by the Court order and by the failure of defendants to make a

disclosure that complies with Rule 26(a)(2)(B).  The Court recognized during the status

conference that the alleged failure to provide B.H. an appropriate program over the last two

years must be addressed promptly.  Plaintiffs have in fact been asked to update their expert

reports within thirty days to facilitate the prompt resolution of this matter.  Yet the defendants

not only failed to make a timely disclosure, but now seek permission of the Court to disclose the

names of their putative experts without making any of the disclosures required by Rule

26(a)(2)(B).  Clearly, plaintiffs cannot prepare or respond to a motion for summary judgment

unless the opinions defendants' experts hold, the bases for those opinions, and the experts'

qualifications to offer those opinions are made available.  The case law supports an Order

precluding the use of experts where an inadequate disclosure of the experts' opinions is made.

*Giladi v. Strauch*, 2001 U.S. Dist. LEXIS 4645 *14 - *16 (S.D.N.Y. 2001), *citing Sierra Club v.

Cedar Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996)(The Advisory Committee Notes to Rule

26(a)(2)(B) "explain that the purpose of the reports is to avoid the disclosure of 'sketchy and

vague' expert information, as was the practice under the former Rule.")

Plaintiffs cannot cure this prejudice.  The plaintiffs have requested that their out-of-state

expert, Dr. Gant, update her data base on March 12, 2004 through an on-site visit to the

Southington Public Schools and that she submit to a deposition noticed by defendants for March

16, 2004.  Defendants' failure to timely disclose their expert opinions and make those experts

available for deposition have deprived plaintiffs of the opportunity to have Dr. Gant review,

investigate and properly respond to those opinions.  Defendants failure to comply with Rule

26(a)(2)(B) has therefore deprived plaintiffs of the opportunity to adequately conduct discovery

and respond to the opinions of defendants' experts.

Plaintiffs also assert that the third and fourth prongs of the test described in *Rmed* should

be resolved in their favor.  As previously mentioned, and as documented in expert reports

attached to plaintiffs' Motion for Reconsideration (Doc. #82), there is substantial evidence that

the defendants' have failed to implement an appropriate special education program for B. H. for

a prolonged period of time.  There is therefore a compelling need to bring this case to a prompt

and fair conclusion.  Defendants have given no reason why they have not disclosed expert

witnesses through the two years this lawsuit has been pending or why their most recent

disclosure is so clearly inadequate.  These failures over a prolonged period of time to make

appropriate disclosures have disrupted the orderly disposition of this lawsuit and prejudiced

plaintiffs to the extent that the defendants' motion should be denied.

**CONCLUSION**:

The defendants' Motion for Enlargement and Disclosure of Experts should be denied in

that they purport to seek permission to make a disclosure of expert witnesses that is untimely.

Moreover, the purported disclosure fails to comply with the requirements of Fed. R. Civ. P.

26(a)(2)(B).  These untimely and inadequate disclosures are prejudicial in that they deprive

plaintiffs of the opportunity to conduct discovery relating to defendants' experts' opinions and

properly respond to whatever opinions those experts hold.  The Motion for Enlargement of Time

Nunc Pro Tunc should therefore be denied and the Court should enter an Order precluding the

defendants from disclosing expert witnesses.

                                            PLAINTIFFS,


                                            By /s/ *David C. Shaw*
                                            David C. Shaw, Esq.
                                            34 Jerome Ave., Suite 210
                                            Bloomfield, CT 06002
                                            Tel.: (860) 242-1238
                                            Fax.: (860) 242-1507
                                            Email:  dcshaw@cttel.net
                                            Fed. Bar No. ct 05239

## <u>CERITIFICATION</u>

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on March 2, 2004:

Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Thomas M. Fiorentino, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

/s/ *David C. Shaw*

David C. Shaw, Esq.