UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents and | : | CIVIL ACTION NO. |
| next friends, Mr. and Mrs. C.H. | : | 3:02CV252 (SRU) |
| Plaintiffs, | : | |
| V. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, ET. AL. | : | |
| Defendants. | : | APRIL 21, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE DEFENDANTS FROM USING THE OPINIONS OF EXPERT WITNESSES, PHOEBE TUCKER AND ANNA EDDY

**INTRODUCTION**:

On February 23, 2004 the Court convened a status conference by telephone with counsel for the plaintiffs and the Southington Board of Education defendants. During that status conference the Court made it clear that it wanted discovery to be completed expeditiously given the alleged inadequacy of the special education program of B.H. To that end, the Court indicated that it wanted expert reports to be updated within thirty days and dispositive motions to be filed as soon as possible thereafter.[1] Defendants' counsel indicated during that telephone conference that she wished to disclose an expert witness. Plaintiffs' counsel objected because the time for disclosing expert witnesses had passed. The Court asked the defendants to document any such request in a motion.

The defendants, Southington Board of Education, Anthony DiAngelo, and Frances Haag

---

[1] In order to comply with the Court's instruction plaintiffs' scheduled an on-site visit at the Southington Public Schools by their out-of-state expert, Sue Gant, Ph.D., on March 12, 2004. Her deposition was conducted on March 16, 2004.

then filed a Motion for Extension of Time Nunc Pro Tunc. [Doc. #99]  Defendants also purported to name two expert witnesses in their Disclosure of Expert Witnesses. [Doc. #101]  The plaintiffs' opposition to the motion and to the untimely disclosure of witnesses [Doc. #103] was overruled in the Court's Endorsement Ruling dated April 5, 2004.  [Doc. #105]  In granting the motion the Court stated the following:

> "The expert disclosures, however, must comply with the Federal Rules of Civil Procedure."

Endorsement Ruling dtd. 4/5/04 [Doc. #105]

In light of defendants' failure to make disclosures in accordance with the Federal Rules of Civil Procedure the plaintiffs renew their request that the defendants be precluded from calling expert witnesses at trial or offering expert opinions in connection with their dispositive motion.

Defendants have failed to disclose experts within the time frame established by the Court.  On May 8, 2002 the Court entered a Scheduling Order that provided that plaintiffs would disclose the experts they intended to use at trial by no later than August 1, 2002, and that defendants would disclose any experts they intended to call at trial by no later than August 30, 2002.  The provisions of the Scheduling Order relating to expert disclosure was amended by the Court on July 31, 2002, September 17, 2002, December 10, 2002, March 14, 2003, June 10, 2003, and July 17, 2003.  The many modifications to the Scheduling Order were necessitated in part by the Orders entered by the Court on September 17, 2002 and November 26, 2002, staying the proceedings in the case.

On November 26, 2003 the Court entered an order lifting the stay.  The July 17, 2003 Endorsement Order required that plaintiffs' experts would be disclosed by July 25, 2003 and

that defendants' experts would be disclosed by no later than September 25, 2003.  Plaintiffs' experts were timely disclosed on July 23, 2003.  Defendants made no effort to disclose experts until they filed their Disclosure of Expert Witnesses on February 25, 2004.

Defendants have named two persons as experts, Phoebe Tucker and Anna Eddy, but have failed to attach copies of the experts' reports or make any of the other disclosures required by Fed. R. Civ. P. 26(a)(2)(B).  The defendants have failed to update their expert disclosures, despite the instruction of this Court on April 4, 2004.

Under the Scheduling Order dated February 25, 2004 of this Court [Doc. #98] discovery closes on May 1, 2004 and dispositive motions are due by May 20, 2040.

**ARGUMENT**:

Rule 37(c) of the Federal Rules of Civil Procedure provides:

(1)  A party who without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed . . .

Here the defendants failed to make any effort to comply with the Court's  discovery orders or with the July 17, 2003 Endorsement Order that authorized defendants to make an untimely disclosre and have now failed to comply with the Court's Endorsement Ruling dated April 5, 2004 by providing expert disclosures that comply with Rule 26(a)(2)(B), Fed. R. Civ. P.

The Federal Rules of Civil Procedure, as amended in 1993, specify that a party shall provide the other parties to the case with "a written report prepared by and signed by" each of its expert witnesses.  Fed. R. Civ. P. 26(a)(2)(B).  The report must include "a complete statement of all opinions to be expressed and the basis and reasons therefore; [and] the data or other

3

information considered by the witness in forming the opinions …" Id.  According to the Advisory Committee notes on the 1993 amendment to Rule 26(a), paragraph (2)(B) "requires that persons retained or specially employed to provide expert testimony … must prepare a detailed and complete direct examination together with the reasons therefore."  Rule 26(a)(2)(B) advisory committee's note on 1993 amend.

The case law outlines a four-part test to determine whether to exclude untimely expert testimony under Fed. R. Civ. P. 37(c)(1) – (1) surprise or prejudice suffered by the party opposing the disclosure; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case; and (4) whether there was bad faith or willfulness in failing to comply with the court order. *Equant Integrations Servs. V. United Rentals (N. Am.), Inc.,* 217 F.R.D. 113, 117 (D. Conn. 2003); *Rmed Int'l v. Sloan's Supermarkets*, *Inc.* 2002 U.S. Dist. LEXIS 23829 *12 (S.D.N.Y. 2002). The defendants should not be permitted to utilize expert opinions in connection with this case in light of defendants' failure to comply with Rule 26(a)(2)(B), Fed. R. Civ. P., and the prejudice that will obviously result to plaintiffs in not having these disclosures with less than two weeks left before discovery closes.

Here, plaintiffs are prejudiced by the failure of defendants to disclose these experts in accordance with Rule 26(a)(2)(B).  The Court recognized during the status conference that the alleged failure to provide B.H. an appropriate program over the last two years must be addressed promptly.  Plaintiffs in fact updated their expert report within thirty days to facilitate the prompt resolution of this matter.  Yet the defendants have failed to make a timely disclosure. Clearly, plaintiffs cannot complete the depositions of defendants' experts by the date discovery will

4

close and will not be able to respond properly to defendants' dispositive motion in light of the defendants' continued failure to make expert disclosure as required by Rule 26.  The case law supports an Order precluding the use of experts where an inadequate disclosure of the experts' opinions is made, particularly where the failure to make the required disclosures are so clearly prejudicial.  *Giladi v. Strauch*, 2001 U.S. Dist. LEXIS 4645 *14 - *17 (S.D.N.Y. 2001), *citing, Sierra Club v. Cedar Oil Point Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)(The Advisory Committee Notes to Rule 26(a)(2)(B) "explain that the purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information, as was the practice under the former Rule.")[2]

At this late date, less than two weeks before the close of discovery, the obvious prejudice that flows from defendants' inaction cannot be cured.  Defendants have failed to make disclosures required by Rule 26 despite the Court's Endorsement Order of April 5, 204 requiring such disclosures, and the May 1, 2004 date by which the Court has ordered discovery closed.  Plaintiffs cannot be expected to complete the depositions of defendants' experts by May 1st in light of the fact that defendants have disclosed no information about their experts to date.

Plaintiffs also assert that the third and fourth prongs of the test described in *Rmed* should be resolved in their favor.  Clearly, it is not appropriate to allow defendants to call expert witnesses in such a complex case unless their proposed opinions are disclosed well in advance of trial.  As previously mentioned, and as documented in expert reports attached to plaintiffs' Motion for Reconsideration [Doc. #82], there is substantial evidence that the defendants' have

---

[2] The Court also noted that the Advisory Committee Notes to Rule 37 contemplate that the sanction of excluding expert testimony may be ordered instead of an order compelling discovery where the party required to make the disclosure would need the material to support its own contentions.

5

failed to implement an appropriate special education program for B. H. for a prolonged period of time. There is therefore a compelling need to bring this case to a prompt and fair conclusion. Defendants have given no reason why they have not disclosed the opinions of their experts or the bases for their opinions and expertise even though this Court has ordered those disclosures. These failures to make appropriate disclosures have disrupted the orderly disposition of this lawsuit and prejudiced plaintiffs to the extent that the defendants' motion should be denied.

**CONCLUSION**:

The defendants should be precluded from calling expert witnesses or using expert opinions in connection with dispositive motions in light of their failure to make disclosures as required by Fed. R. Civ. P. 26(a)(2)(B) and this Court's Endorsement Ruling dated April 5, 2004. These untimely and inadequate disclosures are prejudicial in that they deprive plaintiffs of the opportunity to conduct deposition discovery relating to defendants' experts' opinions and properly respond to whatever opinions those experts hold. Plaintiffs' Motion to Preclude should therefore be granted.

                                                PLAINTIFFS,

                                                By /s/ *David C. Shaw*
David C. Shaw, Esq.
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Tel.: (860) 242-1238
Fax.: (860) 242-1507
Email: dcshaw@cttel.net
Fed. Bar No. ct 05239

**CERITIFICATION**

      This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on April 21, 2004:

Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Thomas M. Fiorentino, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

                                                  /s/ David C. Shaw
                                                    David C. Shaw