UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents | : | CIVIL ACTION NO. |
| and next friends, Mr. and Mrs. C.H., | : | 3:02CV00252(SRU) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, et al. | : | |
| Defendants. | : | APRIL 21, 2004 |

### MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM USING THE OPINIONS OF EXPERT WITNESSES (Corrected)

The plaintiffs move for an order precluding defendants from calling expert witnesses at trial and/or from using expert opinions in connection with dispositive motions. In support of this motion, the plaintiffs represent the following:

1. The Court held a Status Conference on February 23, 2004.

2. Defendants indicated during the Status Conference that they intended to disclose two expert witnesses.

3. Plaintiffs opposed defendants' disclosure of expert witnesses at that time and subsequently in their Memorandum in Opposition to Defendants' Motion for Extension of Time Nunc Pro Tunc because defendants failed to make a disclosure by September 25, 2003 as requested by the Court's July 17, 2003 Endorsement Order.

4. On April 5, 2004 the Court approved defendants' disclosure of expert witnesses out of time provided the expert disclosures are made in compliance with the Federal Rules of Civil Procedure. [Doc. #105.]

5. The defendants provided the names of their proposed experts [Doc. #101] but have failed to make any of the disclosures required by Rule 26 (a)(2)(B), Fed. R. Civ. P.

6. Rule 37(c) provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

7. Defendants' failure to make these disclosures is prejudicial in that plaintiffs cannot be expected to depose defendants' experts by the Court deadline of May 1, 2004 or properly respond to the opinions of defendants' experts offered in connection with dispositive motions by May 20, 2004 unless timely and adequate disclosures are made.

WHEREFORE, plaintiffs request that defendants be precluded from offering expert opinions in connection with the presentation of their case or in support of any dispositive motion in light of their failure to disclose all opinions and bases of those opinions pursuant to Rule 26(a)(2)(B) as ordered by this Court.

> By  /S/ *David C. Shaw*
> David C. Shaw
> 34 Jerome Avenue, Suite 210
> Bloomfield, CT  06002
> Tel. (860) 242-1238
> Fax (860) 242-1507
> Fed. Bar. No. CT 05239
> Email   dcshaw@cttel.net

## **CERTIFICATION**

     This is to certify that a copy of the foregoing was hand delivered to Attorney Bernabo on April 26, 2004 and mailed first class, postage prepaid to counsel of record on April 27, 2004:

Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Thomas M. Fiorentino, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

                                        /s/ *David C. Shaw*
                                         David C. Shaw