UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents | : | CIVIL ACTION NO. |
| and next friends, Mr. and Mrs. C.H., | : | 3:02CV00252 (SRU) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, et al. | : | |
| Defendants. | : | MAY 27, 2004 |

## **REPLY TO OBJECTION TO PLAINTIFFS' MOTION IN LIMINE**

**FACTS:**

The plaintiffs' Motion in Limine was filed on April 20, 2004. The Motion seeks to preclude defendants from calling expert witnesses at trial and/or from using expert opinions in connection with dispositive motions. The plaintiffs argue in support of the Motion that defendants have failed to disclose any expert witnesses by the Court deadline of September 25, 2003 and that the defendants' untimely disclosure of the names of two expert witnesses on February 25, 2004 – Phoebe Tucker and Anna Eddy - was defective and prejudicial to plaintiffs, because the disclosure of those names did not comply with Rule 26(a)(2)(B), Fed. R. Civ. P., in that the disclosure of these names was not accompanied by a written report prepared and signed by the witness in compliance with Rule 26(a)(2)(B).[1]  Plaintiffs pointed out that this disclosure was improper for the further reason that it did not comply with the Court's Endorsement Order

---

[1] On May 20, 2004 plaintiffs' counsel received a document entitled "Supplemental Disclosure of Experts". (Attached as Attachment A.) The supplemental disclosure purports to disclose for the first time a third expert—Debra Dixon, R.P.T. Plaintiffs oppose this improper disclosure here and will file a Motion in Limine to exclude any expert opinions of Ms. Dixon.

dated April 5, 2004 [Doc. # 105] that "[t]he expert disclosures … must comply with the Federal Rules of Civil Procedure."  Memorandum in Support of Motion to Preclude Defendants From Using The Opinions Of Expert Witnesses Phoebe Tucker and Anna Eddy [Doc. #103], p. 2. Plaintiffs also argued that the failure to make a disclosure in compliance with the Federal Rules and Court's Endorsement Order was plainly harmful at this late stage of the proceedings and that precluding defendants from proffering the opinions of these experts is required by Rule 37(c) and the applicable case law in these circumstances.  Memorandum in Support of Motion to Preclude Defendants From Using The Opinions Of Expert Witnesses Phoebe Tucker and Anna Eddy, pp. 3-6.

    Defendants' Objection to Plaintiffs' Motion in Limine [Doc. #110] does not respond to many of plaintiffs' arguments. [2]  Indeed, defendants fail to cite case law or any federal rule in opposition to the authorities cited by plaintiffs that stand for the proposition that defendants must be precluded from using the opinions of experts where a timely disclosure has not been made.  Rather, defendants assert that their disclosure of the opinions of Anna Eddy and Phoebe Tucker are good enough because "the reports of defendant's proposed experts were included in the documents that were brought to the deposition of the plaintiff, Mr. C.H."  Objection to

---

[2] The defendants have failed to file a memorandum in support of their objection.  Rule 7(a) of the Local Rules of Civil Procedure provides as follows:
> Any motion involving disputed issues of law shall be accompanied by a written memorandum of law …. Failure to submit a memorandum in opposition may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.

The Court should grant plaintiffs' Motion in Limine to Preclude in light of defendants' failure to file a memorandum in opposition.

Plaintiffs' Motion in Limine, ¶ 7.  Defendants have also filed a "Supplemental Disclosure of Experts."  Attached as Attachment A hereto.  This disclosure includes the curriculum vitae and four of the eight speech and language Progress Reports that have been prepared by their expert, Phoebe Tucker, over the past several years and the disclosure of a previously undisclosed expert, Debra Dickson RPT, along with physical therapy progress reports prepared for B.H.'s Planning and Placement Team on 6/12/03, 4/1/03, 4/26/02 and 3/8/02.  Defendants assert that these disclosures as to Ms. Tucker and Ms. Dixon are sufficient even though they do not constitute a statement of "all opinions to be expressed and the basis and reasons therefore . . . under Rule 26(a)(2)(B).

Plaintiffs argue below that the defendants' objection should be overruled as it fails to address the claims made by plaintiffs that the defendants' use of expert opinions of Anna Eddy, Phoebe Tucker and Debra Dickson should be precluded because plaintiffs have been prejudiced by disclosures that are untimely and not in compliance with Rule 26(a)(2)(B), Fed. R. Civ. P..

**ARGUMENT**:

**1.  Defendants' Failure to Comply with Rule 26(a)(2)B) and the Court's Endorsement Order dated April 5, 2004 [Doc. # 105].**

The plaintiffs' argue in their Memorandum in Support of Motion to Preclude Defendants From Using The Opinions Of Expert Witnesses Phoebe Tucker and Anna Eddy [Doc. #103], that the defendants should be precluded from offering the opinions of those experts in support of their case, because Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that any party failing to make the disclosures required by Rule 26(a) without substantial justification shall not

be permitted to offer those opinions at trial or on a motion, unless such failure is harmless. The use of these experts should also be precluded under Rule 37(b)(2) in light of defendants' failure to comply with the Endorsement Order of this Court dated April 5, 2004 [Doc. # 105] (providing that defendants may disclose experts out of time only if those disclosures comply with Rule 26(a)(2)(B)).

In paragraph 5 of their Objection defendants indicate that their disclosure is timely because the Court set no specific date for the reports to be disclosed. This argument is untenable in light of the Court's expressions of concern about allegations contained in sworn affidavits of experts as to the inadequacy of B.H.'s special education program throughout the two year history of this lawsuit.

In paragraph 7 defendants assert that the reports of defendants' proposed experts were included in the documents that were brought by Mr. C. H. to his recent deposition. But there were hundreds of professional reports in the documents produced by the parents in their recent depositions. Plaintiffs should not be forced to guess as to which of these many service providers will be disclosed as experts and which of the many opinions contained in those reports will be offered at trial. Rule 26 requires parties to disclose the opinions their experts will offer at trial and the bases therefore so that opposing counsel can make an informed decision as to whether to depose those experts and what opinions should be the proper focus of a deposition.

Defendants have never provided a written report of their expert Anna Eddy as required by Rule 26(a)(2)(B). Defendants imply that a report authorized by Ms. Eddy was contained within the two boxes of documents produced by the parent at a recent deposition. Plaintiffs'

counsel has conducted an exhaustive search of the parents' educational records and has identified only one document authored by Anna Eddy – a two-page Placement Summary dated February 6, 2004 that offers the opinion that the Oak Hill School program in the Plainville Middle School is not appropriate for B.H. attached as Attachment B.  Plaintiffs have no way of knowing whether this document is the one containing Ms. Eddy's trial opinions as asserted in paragraph 7 of defendants' Objection.[3]  In any event, defendants have failed to make a disclosure that contains Ms. Eddy's written opinions she intends to offer at trial and the bases therefore in violation of Rule 26(a)(2)(B) and the Court's Endorsement Order dated April 5, 2004.

       The defendants have also failed to provide disclosures that comply with Rule 26(a)(2)(B) and the Court's Endorsement Order dated April 5, 2004 relating to the expert opinions of Phoebe Tucker and Debra Dixon.  Phoebe Tucker was disclosed as an expert on February 25, 2004 [Doc. # 101], but the written statement of her opinions and the bases therefore was not submitted with the disclosure.  Written reports prepared by her were not received until May 20, 2004, nearly twenty days after plaintiffs' Motion to Preclude was filed with the Court.

       The disclosure of Debra Dixon R.P.T. as an expert was received by plaintiffs' counsel on May 20, 2004, nearly eight months after the deadline established by the Court and nearly two months after the Court gave defendants' permission to disclose experts out of time.  Attachment

---

[3] Moreover, the opinion offered by Ms. Eddy—that B.H. would not be appropriately placed in the special education program run by Oak Hill School within the Plainville Public Schools-- is not relevant to the issues raised in this lawsuit.  A motion under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) will be necessary if indeed these are the opinions Ms. Eddy will be offering.

5

A. Written reports prepared by her were also disclosed on May 20, 2004.

The Progress Reports prepared by Ms. Tucker and Ms. Dixon and disclosed to plaintiffs on May 20, 2004, however, do not comply with Rule 26(a)(2)(B).  The reports disclosed to support Ms. Tucker's expert testimony consist of progress reports submitted to B.H.'s Planning and Placement Team by her on June 3, 2002, April 1, 2003, February 8, 2002 and June 24, 2002.[4]  The physical therapy progress reports prepared by Debra Dixon R.P.T. dated 6/12/03, 4/1/03, 4/26/02, and 3/8/02 are also enclosed with the defendants' disclosure.  However, these Tucker and Dixon reports were prepared to update the Planning and Placement Team on the B.H.'s progress in speech and language and physical therapy.  These reports do not contain a "complete statement of all opinions to be expressed and the basis and reasons therefore" as explicitly required by Rule 26(a)(2)(B), but rather constitute routine periodic assessments of B.H.'s progress in the physical therapy and speech and language areas during the previous twelve months.  This disclosure does not comply with Rule 26(a)(2)(B) as they provide no insight as to the opinions these experts intend to offer at trial.  In light the fact that defendants have failed to comply with Rule 26 and the Endorsement Ruling of this Court dated April 5, 2004, Rule 37(c)(1) requires that defendants be prohibited from using expert opinions at trial or in support of a dispositive motion.

## 2. Rule 37(c)(1) Requires that the Motion to Preclude be Granted

---

[4] Defendants argue in paragraph 7 of their Objection that these documents were already in the possession of Mr. C.H.  However, three additional reports prepared by Ms. Tucker covering the periods 9/2001 – 2/2002 and prior periods are not a part of defendants' disclosure.  Defendants cannot argue that Mr. C.H. had knowledge of Ms. Tucker's opinions when defendants have apparently decided to disclose some, but not all of her written reports.

Plaintiffs argue in their Memorandum in Support of Motion to Preclude that federal courts have adopted the following four-part test to determine whether untimely disclosed expert opinions should be excluded under Rule 37(c)(1): 1) surprise or prejudice suffered by the party opposing the disclosure; 2) the ability of that party to cure the prejudice; 3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case; and 4) whether there was bad faith or willfulness in failing to comply with the court order. *See*, *Equant Integrations Servs. v. United Rentals (N.Am.), Inc*., 217 F.R.D. 113, 117 (D. Conn. 2003); *Rmed Int'l v. Sloan's Supermarkets, Inc.* 2002 U.S. Dist. LEXIS 23829*12 (S.D.N.Y. 2002). Defendants apparently do not disagree with plaintiffs' analysis. Plaintiffs assert that a proper application of this standard must lead to the conclusion that use of the opinions of defendants' experts should be precluded at trial and on a dispositive motion.

### a. Plaintiffs' have been Prejudiced by the defendants' failure to disclose.

With regard to the first prong of this four-part test, defendants argue that plaintiffs have not been prejudiced because the Court has extended the discovery period to June 15, 2004, and plaintiff's counsel is aware of the opinions of these experts. Defendants' argument is misleading and should be rejected. Plaintiffs are not aware of the opinions defendants' experts intend to offer as they have not been disclosed. Moreover, given the inordinate delay in disclosing the opinions of defendants' experts, necessary and appropriate depositions following proper disclosure of the opinions of these experts can be expected to create an unacceptable delay in the disposition of this case.

The Court has to date extended the discovery deadline on eleven occasions. Most of the

delay in complying with previously issued scheduling orders in this two-year-old case has been occasioned by the insolvency of defendants' insurance carrier. Nonetheless, the Court has indicated on several occasions that further delay is unacceptable in that the unresolved disputes over the appropriateness of the special education program for such a severely disabled child have continued unresolved for over two years. Defendants' failure to provide a written report that contains the opinions Anna Eddy intends to offer at trial, the basis and reasons therefore and data, and other information considered in forming those opinions is inexplicable in light of the Court's clearly expressed interest in bringing this matter to a prompt conclusion. Defendants' failure to provide a disclosure of the opinions Ms. Tucker and Ms. Dixon intend to offer at trial is also inexplicable. Defendants' attachment of several routine progress updates these experts have provided to the Planning and Placement Team does not comply with the requirement in Rule 26 that a "complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions" as required.

Defendants represent further that plaintiffs are not prejudiced because "plaintiffs' counsel has been well aware of the opinions of these experts but has made a concerted decisions not to depose these individuals beforehand." Objection ¶ 9. This assertion is disingenuous. As written disclosures of the opinions of defendants' experts have not been made as required by Rule 26(a)(2)(B), plaintiffs have no idea what opinions they intend to offer at trial and have insufficient information upon which to determine whether a deposition is necessary and/or

whether a *Daubert* motion is appropriate. Moreover, it is outrageous to suggest that plaintiffs have made a "concerted decision not to depose" defendants' experts when the prerequisite for calling them as an expert – compliance with Rule 26(a)(2)(B) – has not been met. Plaintiffs cannot be expected to make an informed choice as to whether to depose defendants' experts or whether there participation may be challenged under *Daubert v. Merrill Pharmaceuticals* and its progeny when there has been no disclosure of the opinions they intend to offer at trial. Acceptance of this argument would render Rules 26(a)(2)(B) and 37(c)(1) meaningless and permit defendants to use their own deliberate noncompliance as a sword to defeat plaintiffs' case.

### b.  The Prejudice to Plaintiffs cannot be cured.

Defendants' assert that any prejudice to plaintiffs has been cured through Court orders that have postponed the discovery deadlines. But delays in defendants' compliance with the Court's order of April 5, 2004 have made it impossible to complete discovery within the currently established deadlines. Presumably, proper disclosure and the necessary depositions will take at least two months. Such further delays come at a great cost, however. B.H. continues in an inappropriate program while defendants decide whether or not they will make a proper disclosure of their expert opinions. Plaintiffs assert that so much time has passed and so much harm has been visited on B.H. that further delay is inappropriate. Accordingly, the prejudice caused by defendants' failure to make a timely and proper disclosure cannot be cured, and the second prong of the four-part test should be resolved in plaintiffs' favor.

### c.  Waiver of the Rule Against Calling Undisclosed Witnesses Will Disrupt the Orderly Disposition of This Case.

The federal courts have consistently held that compliance with Rule 26(a)(2)(B) is mandatory. In fact, Rule 37(c)(1) explicitly states that expert opinions may not be offered unless they have been properly disclosed or unless such failures are harmless. This Court's Endorsement Ruling of April 5, 2004 clearly indicates that this Court does not view the failure to disclose the opinions of defendants' experts as harmless. Indeed, the Court clearly recognized that compliance with Rule 26(a)(2)(B) is critical so that plaintiffs will know what expert opinions will be offered against them and can conduct appropriate discovery in light of that disclosure. The third prong of the four-part test must be resolved in plaintiffs' favor.

**d. The Defendants Have Repeatedly Failed to Comply with Rule 26(a)(2)(B) and the Court's Endorsement Order of April 5, 2004.**

While we do not claim that defendants have acted in bad faith, the test of Rule 26(a)(2)(B) is clear and defendants have failed to disclose all opinions their experts intend to offer and the bases for those opinions throughout the two year history of this litigation. This continued failure is particularly vexing in light of the Court's explicit order on April 5, 2004 that defendants must make such disclosures. This fourth and final prong of the test must therefore be resolved in plaintiffs' favor.

**CONCLUSION:**

For the foregoing reasons and for the reasons set forth in Plaintiffs' Memorandum in Support of Motion to Preclude, the Court should conclude that each prong of the four-part test set forth in *Equant Integrations Serv.* must be resolved in plaintiffs' favor and that an Order precluding defendants from offering expert opinions at trial or on a motion are precluded under

Rule 37(c)(1), Fed. R. Civ. P.

                                              PLAINTIFFS,

                                          By /s/ *David C. Shaw*
                                                David C. Shaw
                                                34 Jerome Avenue, Suite 210
                                                Bloomfield, CT  06002
                                                Tel. (860) 242-1238
                                                Fax (860) 242-1507
                                                Fed. Bar. No. CT 05239
                                                Email   dcshaw@cttel.net

# ATTACHMENT A

Defendants' Supplemental Disclosure of Experts dated May 18, 2004.

Attachment is filed manually.

# ATTACHMENT B

Oak Hill Placement Summary dated February 6, 2004.

Attachment B filed manually.

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on May 27, 2004:

Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Thomas M. Fiorentino, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

                                                          /s/ *David C. Shaw*
                                                          David C. Shaw, Esq.