UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents and next friends, Mr. and Mrs. C.H. | : : | CIVIL ACTION NO. 3:02CV252 (SRU) |
| PLAINTIFFS, | : | |
| V. | : : | |
| SOUTHINGTON BOARD OF EDUCATION, ET. AL. | : | |
| DEFENDANTS. | : | JULY 22, 2004 |

### MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION AND MODIFICATION OF ENDORSEMENT ORDER

**FACTS:**

The plaintiffs move for reconsideration of the Court's Endorsement Order dated July 20, 2004 [Doc. # 117] that authorized defendants to file an Amended Answer and Affirmative Defenses to the Second Amended Complaint [Doc. # 116]. The relevant facts appear as of record and are therefore not in dispute.

On November 12, 2002 the plaintiffs filed a motion to amend the complaint by filing the Second Amended Complaint. [Doc. # 51]. A supporting memorandum was also submitted. [Doc. # 52.] On July 30, 2003 the Court entered an Endorsement Order denying the Motion to Amend in light of the Court's Ruling granting defendants' Motion to Dismiss [Doc. #75].[1]

On at least two occasions during recent depositions Attorney Bernabo sought to question witnesses about the Second Amended Complaint. On each occasion the undersigned informed

---

[1] The plaintiffs moved for Reconsideration of the Court's Ruling on Motion to Dismiss on September 2, 2003 [Doc. #82]. On January 7, 2004 the Court granted the Motion for Reconsideration in part, but did not address its prior Ruling that the Motion to file the Second Amended Complaint should be denied.

counsel that questioning based on the Second Amended Complaint was inappropriate in light of the Court's Endorsement Order dated July 30, 2003.  *See*, for example, pages 81 and 82 of the deposition of Christopher Hartman, attached hereto as Exhibit A.

On July 15, 2004 the local defendants moved to Amend their Answer to the Second Amended Complaint.  [Doc. # 116.]  The docket sheet and record in this lawsuit establish however that there is no Second Amended Complaint on file with the Court.  On July 20, 2004 the Court entered an Endorsement Order granting the Motion to Amend.  [Doc. # 117].  The Endorsement Order granting the Motion to Amend was entered before plaintiffs had a reasonable opportunity to object or otherwise respond. [2]

**ARGUMENT:**

Local Rule 9(e) authorizes a party to move for reconsideration where matters or controlling decisions exist which counsel believes the Court overlooked in its initial decision.  The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  There can be no doubt that the standard for granting reconsideration is met here.

The defendants' Motion to Amend and attached Amended Answer and Affirmative Defenses were improperly filed in that they purport to respond to allegations in a document

---

[2] Plaintiffs received the Motion to Amend the Answer only two working days before it was granted.

entitled "Second Amended Complaint" – a version of the complaint that the Court has ordered should not be filed.

Rule 9(e) of the Local Rules of the United States District Court permits the filing of Motions for Reconsideration if the Court has overlooked matters that might alter the outcome or controlling decisions in entering its Endorsement Order.

Here, defendants have filed an Answer to a version of the complaint that does not appear on the docket. Moreover, this filing was made after plaintiffs pointed out to defendants on at least two occasions that the Second Amended Complaint does not appear in the record of this lawsuit.

As these are facts which would have altered the Court's decision to permit defendants to file their Answer to the Second Amended Complaint, the Court should therefore reconsider its Endorsement Order dated July 20, 2004 and enter an order prohibiting defendants from filing their Amended Answer and Affirmative Defenses to the Second Amended Complaint. In the alternative the Court should consider defendants' filing of their Answer to the Second Amended Complaint and Amended Answer and Affirmative Defenses to the Second Amended Complaint as "written consent of an adverse party" under Rule 15(a), Fed. R. Civ. P., and enter an order authorizing the plaintiffs to file the Second Amended Complaint and the defendants to file their Amended Answer.

**CONCLUSION**:

The Court should Reconsider its Endorsement Order dated July 20, 2004 insofar as it

authorizes defendants to file their Amended Answer and Affirmative Defenses to a version of the complaint that does not appear in the Court record and either enter an order denying defendants permission to file its Amended Answer or, in the alternative, find that the filing of an Answer to the Second Amended Complaint and an Amended Answer as defendants' written consent under Rule 15(a), Fed. R. Civ. P., and enter an order authorizing the filing of the Second Amended Complaint <u>and</u> the defendants' Amended Answer and Affirmative Defenses to the Second Amended Complaint.

                PLAINTIFFS,

                By /s/ David C. Shaw
                David C. Shaw, Esq.
                34 Jerome Avenue, Suite 210
                Bloomfield, CT  06002
                Tel. (860) 242-1238
                Fax (860) 242-1507
                Fed. Bar. No. CT 05239
                Email   dcshaw@cttel.net

## **CERITIFICATION**

      This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on July 22, 2004:

Nicole A. Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

                                            /s/   David C. Shaw
                                            David C. Shaw, Esq.