FILED

2004 AUG 30 P 1:32

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

B.H., by and through his parents and        :    CIVIL ACTION NO.
next friends, Mr. and Mrs. C.H.             :    3:02CV252 (SRU)
        PLAINTIFFS,                         :
V.                                          :
                                            :
SOUTHINGTON BOARD OF EDUCATION, ET. AL.     :
        DEFENDANTS.                         :    AUGUST 27, 2004

**OPPOSITION TO DEFENDANTS' REQUEST FOR LEAVE TO AMEND ANSWER
AND
REPLY TO OBJECTION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

**FACTS**:

      On July 23, 2004 the plaintiffs filed a Motion for Reconsideration and Modification of Endorsement Order [Doc. # 119]. The plaintiffs allege in that Motion and supporting memorandum that the Court erred in entering its Endorsement Order dated July 20, 2004 and granting the local defendants' Motion to Amend their Answer to the Second Amended Complaint in that the Court had previously denied plaintiffs permission to file the Second Amended Complaint. The defendants, therefore, had filed an answer to a complaint that did not appear in the court record. The plaintiffs requested by way of relief that the Court Reconsider its Endorsement Order in so far as it authorized the local defendants to file an Amended Answer and numerous new affirmative defenses to the Second Amended Complaint, and enter an order that treats the defendants' filing of an Answer to the Second Amended Complaint [Doc. # 100] and an Amended Answer to the Second Amended Complaint [Doc. # 116] as defendants'

written consent under Rule 15(a), Fed. R. Civ. P. and enter an order authorizing the filing of the Second Amended Complaint.

On August 13, 2004 the local defendants filed a two-page document entitled "Objection to Plaintiffs' Motion for Reconsideration and Modification of Endorsement Order" [Doc. # 124] (hereinafter – "Objection") and a two-page document entitled "Defendant's Request for Leave to Amend Answer"[Doc. # 125](hereinafter – "Motion to Amend"). Neither motion was accompanied by a memorandum of law as required by Rule 7(a) of the Local Rules of Civil Procedure. The Objection states only that they were submitting an Amended Answer and therefore there was no need to modify the Court's Endorsement Order. The Motion to Amend purports to submit an Amended Answer to the First Amended Complaint. However, defendants have never previously filed an Answer to the First Amended Complaint. The defendants therefore seek permission to file an Answer to the First Amended Complaint and raise Eleven Affirmative Defenses after discovery has closed and nearly two and one-half years after the First Amended Complaint was filed. Informal efforts to resolve this issue have been attempted but have not been successful.

The plaintiffs object to the defendants' Motion to Amend in that it has not been submitted in compliance Rule 12(a)(2), Fed. R. Civ. P. or Local Rule 7(a) and is filed so late that plaintiffs will be unduly prejudiced by their inability to conduct any discovery into new allegations in defendants' Affirmative Defenses. The plaintiffs also believe that defendants' Objection to Plaintiffs' Motion for Reconsideration should be overruled as it does not address

any of plaintiffs' concerns about the fact that the Endorsement Order of July 20, 2004 authorized the filing of an Amended Answer to a complaint that does not appear in the record.

**ARGUMENT**:

>Rule 7(a)(1) of the Local Rules of Civil Procedure provides as follows:
>
>Any motion involving disputed issues of law shall be accompanied by a written memorandum of law and shall indicate in the lower margin of the motion whether oral argument is requested. Failure to submit a memorandum may be deemed sufficient cause to deny the motion.

Rule 7(a)(1) of the Local Rules of Civil Procedure of the United States District Court.

Rule 55(a), Fed. R. Civ. P., provides that the clerk shall enter a default against a party when a party has failed to plead as required by the Federal Rules. Here, the filing of an Answer is governed by Rule 12(a)(2). Under this provision, an Answer must be filed within twenty days of service of the First Amended Complaint unless the court otherwise directs.

Further, it is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a), Fed. R. Civ. P., is within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 28 L. Ed. 2d 77, 91 S. Ct. 795 (1971). However, under Fed. R. Civ. P. 15(a), leave to amend a pleading may only be given when factors such as undue delay or undue prejudice to the opposing party are absent. Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

Here, the defendant's Request for Leave to Amend Answer clearly involves a disputed issue of law. Yet defendants have made no attempt to file a memorandum as required by Local Rule 7(a) that assesses under the applicable law whether filing an Answer to the First Amended

Complaint nearly two and one-half years after the First Amended Complaint was served is proper. Moreover, no attempt has been made in defendants' moving papers to analyze whether the filing of an Answer and eleven new special defenses after discovery has closed is consistent with Rule 15(a). The Request for Leave to Amend should therefore be denied as defendants have not complied with Local Rule 7(a).

Moreover, the Request for Leave to Amend should be denied as the filing of the Amended Answer has been unduly delayed and plaintiffs are unduly delayed by this late filing. The defendants' Request to Amend makes no reference to the applicable case law and makes no attempt to justify the filing of an answer nearly two and one-half years after the First Amended Complaint was filed with the Court. The Request to Amend makes no attempt to analyze the relevant case law on the issue of undue prejudice.

The defendants' proposed Second Affirmative Defense, for example, alleges that the parents are not entitled to damages because they have unclean hands and they otherwise sabotaged the educational program. Plaintiffs are clearly unduly prejudiced by the fact that they will be unable to conduct discovery into this allegation in the proffered Second Affirmative Defense.

Similarly, the proposed Ninth Affirmative Defense alleges for the first time that the plaintiffs have waived their claims regarding the appropriateness of the plaintiff's educational programs during the 2000-2001 through the 2002-2003 school years. Plaintiffs' are prejudiced by the undue delay in the filing of this affirmative defense as they are precluded by the

Scheduling Orders from conducting discovery into the factual basis for this alleged waiver.

Similarly, the Eleventh Affirmative Defense alleges that plaintiffs are barred by *res judicata* from pursuing the issues in this lawsuit because plaintiffs have previously filed complaints with the Connecticut Department of Education. Again, this allegation is brand new and comes just as discovery in this lawsuit has closed. As the procedures used by the Connecticut Department of Education do not involve a hearing or discovery, plaintiffs have no idea what representations the defendants have made to the Connecticut Department of Education during their investigation. Plaintiffs therefore must be permitted to conduct discovery into the procedures used by CSDE and the representations made by the defendants in the course of the investigation to properly respond to defendants' argument that the allegations in this lawsuit were fully litigated in the administrative complaints. Plaintiffs are unduly prejudiced by their inability to conduct discovery into these procedures and the representations made during the course of the investigation so that they can respond to defendants' assertion that plaintiffs had a full and fair opportunity to litigate the allegations in the complaint during the course of the State Department of Education's complaint resolution process.

Further, the defendants' Objection to Plaintiffs' Motion for Reconsideration and Modification of Endorsement Order should be overruled. The defendants have to date filed an Answer to the Second Amended Complaint on March 11, 2002 and have now filed an Amended Answer to the Second Amended Complaint on August 13, 2004. Both of these documents respond to a complaint that does not appear in the official record. Moreover, the filing of the

Amended Answer is hopelessly confusing. As the defendants have never filed an Answer to the First Amended Answer, it is confusing and improper to refer to this document as an Amended Answer. The filing of an Amended Answer at this late date leaves two answers to the Second Amended Complaint in the Court file which only serves to further confuse the matter.

Plaintiffs' counsel has suggested that the matter be resolved by allowing the Second Amended Complaint to be filed. The defendants' counsel has rejected this suggestion because the First Amended Complaint focuses on the defendants' failure to implement the IEP that was in effect in November 2001, and does not make any allegations about the relevant facts that have occurred since 2001. In light of the fact that the Court must hear evidence sufficient to enable it to award appropriate remedial relief under 20 U.S.C. 1415, see, Town of Burlington v. Dep't of Educ. of Mass., 736 F.2d 773, 795 (1st Cir. 1984), the defendants' refusal to consider updating the complaint is shortsighted and will require plaintiffs to file another request to amend the complaint. This is especially true in light of the fact that the parties are nearly half way through an administrative hearing on plaintiffs' claim that the IEP proposed for the 2004-2005 school year is inappropriate and does not comply with 42 U.S.C. § 1412(a)(5)(A). The hearing is scheduled to be completed on September 30, 2004. Under the holding of Burlington, the hearing decision in this matter must be taken into consideration in connection with the Court's decision in this matter. See, M.K. v. Sergi, No. 3:96CV0482 (WIG)(Ruling on Plaintiffs' Motion to Amend and Other Pending Motions), pp. 2-4 (copy attached).

**CONCLUSION:**

For the foregoing reasons, the defendants' Request for Leave to Amend Answer dated August 13, 2004 should be denied and the defendants' Objection to the plaintiffs' Motion for Reconsideration and Modification of Endorsement Order should be overruled. Further, the Court should reconsider the Endorsement Order dated July 20, 2004 and should allow the filing of the Second Amended Complaint.

PLAINTIFFS,

By _/s/ David Shaw/_
David C. Shaw, Esq.
34 Jerome Avenue, Suite 210
Bloomfield, CT 06002
Tel. (860) 242-1238
Fax (860) 242-1507
Fed. Bar. No. CT 05239
Email  dcshaw@cttel.net

## CERITIFICATION

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on August 27, 2004:

Nicole A. Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Thomas M. Fiorentino, Esq.
Asst. Attorney General
P.O. Box 120
Hartford, CT 06141

_____
David C. Shaw, Esq.