FILED

2004 AUG 30 P 1: 32

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| B.H., by and through his parents and next friends, Mr. and Mrs. C.H., Plaintiffs | : CIVIL ACTION NO. : 3:02CV00252 (SRU) |
| v. | : |
| SOUTHINGTON BOARD OF EDUCATION, et al.: Defendants. | : AUGUST 27, 2004 |

## NOTICE OF MANUAL FILING

The plaintiffs hereby provide notice of the manual filing of Exhibit A to their Opposition to Defendants' Request for Leave to Amend Answer and Reply to Objection to Plaintiffs' Motion for Reconsideration. This document has not been filed electronically because it could not be converted to an electronic format.

PLAINTIFFS,

By _____
David C. Shaw, Esq.   Fed. Bar No. ct05239
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Tel. (860) 242-1238
Fax. (860) 242-1507
Email: dcshaw@cttel.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
M.K. by and through his mother and next  :
friend, Mrs. K., and Mrs. K.             :
      Plaintiffs              :     3:96CV0482 (WIG)
  v.                                     :
                                                                        :
THEODORE SERGI, et al.                   :
      Defendants              :
---------------------------------------------------x

## RULING ON PLAINTIFF'S MOTION TO AMEND
## AND OTHER PENDING MOTIONS

Currently pending is plaintiff's motion to amend his third amended complaint (Doc. # 160); plaintiff's motion to join a defendant (Doc. # 159) and plaintiff's motion to amend the scheduling order (Doc. # 176).

### Motion to Amend

Plaintiff seeks to amend his complaint to add allegations related to the Putnam Board of Education's ("Putnam BOE") recent decision to terminate him from special education services. Putnam BOE opposes plaintiff's motion to amend on the ground that this Court lacks subject matter jurisdiction to review the recent actions because M.K. has not exhausted his administrative remedies available under Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1490, with respect to these alleged June 2002 actions. Specifically, Putnam BOE objects to plaintiff's allegations contained in Paragraph 115 of the proposed Fourth Amended Complaint:

> "In June 2002 the Putnam Board of Education determined that M. was
> not eligible for special education and related services under the IDEA and

-1-

terminated all special education support. The parent and M. intend to vigorously oppose this determination through 20 U.S.C. s. 1415."

As a general principal, the decision whether to grant or deny a motion for leave to amend a complaint is within the sound discretion of the Court and should be "freely given when justice so requires," Fed. R. Civ. P. 15(a). However, in an IDEA case, a Court's discretion is constrained by the statutory requirement that an aggrieved party exhaust a state's administrative procedures before bringing an IDEA claim in state or federal court[1]. The IDEA exhaustion requirement enables the relevant agency to develop a factual record, apply its expertise to the problem, exercise its discretion, correct its own mistakes, and promotes accuracy, efficiency, agency autonomy, and judicial economy. McKart v. United States, 395 U.S. 185, 194 (1969).

While the Putnam BOE is correct that "a plaintiff's failure to exhaust administrative remedies under the IDEA deprives a court of subject matter jurisdiction," Hope v. Cortines, 69 F.3d 687, 688 (2d Cir. 1995), the cases relied upon by it in its objection are distinguishable from the facts at issue in this motion to amend. Here, M.K. exhausted his administrative remedies, albeit several years ago. The question presented by this motion is whether a plaintiff who has previously complied with the exhaustion requirement, but who has experienced an evolving educational environment and subsequent adverse decisions by a board of education is required to re-exhaust administrative remedies before being permitted

---

[1] "In addition, before bringing claims under other statutes "seeking relief that is also available under this subchapter," the administrative procedures set forth in § 1415 "shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(l).

-2-

to add new allegations to a federal lawsuit. There is no dispute here that plaintiff properly commenced this action and that there is subject matter jurisdiction over this dispute.

In the Polera case, and others relied upon by defendants, the plaintiffs never attempted to comply with the IDEA's exhaustion requirements but instead bypassed the IDEA requirements completely and plead their cases under different statutes or for alternative damages unavailable under the IDEA. See generally, Polera v. BOE of the Newburgh Enlarged City Sch. Dist., 288 F.3d 478 (2d Cir. 2002); Hope v. Cortines, 69 F.3d 687 (2d Cir. 1997). Consequently, Polera is not helpful in determining whether M.K. must re-exhaust administrative remedies before amending his complaint.

Courts that have encountered facts more similar to the case at bar than those in Polera have permitted amendment of a complaint in an IDEA case and have refused to impose a re-exhaustion requirement. "Having found that this court has jurisdiction to review the 1978-79 IEP, there is no need to find jurisdiction over the 1979-80 IEP. In a case in which jurisdiction is properly predicated on 20 U.S.C. § 1415, the court is empowered to grant any "appropriate" relief, 20 U.S.C. § 1415(e)(2), which would include injunctive relief extending beyond the school year at issue." Rowley v Board of Education, 483 F. Supp. 536 (S.D.N.Y. 1980), aff'd, 632 F.2d 945 (2d Cir. 1980), rev'd and remanded on other grounds, 458 U.S. 176 (1982); see also, DeVries v. Spillane, 853 F.2d 264 (4th Cir. 1988) (re-exhaustion of administrative remedies not required where complaint remained the same throughout all administrative and judicial proceedings, except plaintiff contemplated presentation of additional evidence in federal court). The Court concurs with plaintiff's reasoning that it would impossible for this Court to fashion appropriate relief for the

plaintiff, if he prevails, without considering the most recent actions of the Putnam BOE.

The Court's consideration of this re-exhaustion requirement is somewhat academic because plaintiff's counsel has represented to the Court that plaintiff is pursuing administrative remedies to reverse the June 2002 decision. Therefore, when the merits of plaintiff's case are ultimately considered by the Court, there will be an administrative record about the June 2002 decision. As discussed by the First Circuit in <u>Town of Burlington v. Dept. of Educ. Com. of Mass.</u>, this Court should look first to the administrative record whenever practicable.

> "A trial court must make an independent ruling based on the preponderance of the evidence, but the Act contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding." <u>Town of Burlington v. Dept. of Educ. Com. of Mass.</u>, 736 F.2d 773, 790 (1984).

Therefore, the Court GRANTS plaintiff's motion to amend his complaint and overrules defendant Putnam BOE's objections. In so ruling, this Court conditions the granting of this motion on the plaintiff's active pursuit of administrative remedies regarding the June 2002 adverse decision by the Putnam Board of Education. The Court imposes this condition in order to provide the agency the opportunity to develop the record and possibly remedy any errors in accordance with the principles underlying the IDEA exhaustion requirement. The plaintiff shall submit a record of the administrative proceedings regarding

the June 2002 decision prior to this Court's review of that decision.

Finally, the parties are to confer to discuss what, if any, effect the amendment of the pleadings will have on the schedule for the contemplated dispositive motions. It is the Court's intention to obviate the need for any additional rounds of dispositive briefing after the completion of the administrative proceedings related to the June 2002 decision. The parties shall contact the chambers of the undersigned at (203) 579-5593 in January 2003 for a conference with the Court regarding this issue. Before this conference, the parties shall confer to discuss a schedule for dispositive motions that will obviate the need for a second set of dispositive motions after the completion of the current administrative proceedings..

### Motion to Join Defendant

Plaintiffs' motion to join defendant Carissa Lebrun (Doc. #159) is GRANTED in the absence of opposition.

### Motion to Amend the Scheduling Order

Also pending is plaintiffs' motion to amend scheduling order (Doc. # 176). Plaintiff's motion to amend the scheduling order is GRANTED. As noted above, the parties shall confer to discuss whether the current deadline for dispositive motions is appropriate in light of the Court permitting amendment of the complaint. The parties shall refrain from filing additional discovery motions without first contacting the chambers of the undersigned at (203) 579-5593 with all parties on the line in order to discuss the discovery dispute.

## CONCLUSION

For the foregoing reasons, plaintiffs motion to amend (Doc. #160) is GRANTED; plaintiffs motion to join defendant (Doc. #159) is GRANTED and plaintiffs motion to modify the scheduling order (Doc. # 176) is GRANTED. Defendants are to respond in a timely manner to the Fourth Amended Complaint, which shall be docketed.

SO ORDERED, this the 6th day of January, 2003 at Bridgeport, Connecticut.

William I. Garfinkel
United States Magistrate Judge

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed first class, postage prepaid August 27, 2004:

Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Thomas M. Fiorentino, Esq.
Asst. Attorney General
P.O. Box 120
Hartford, CT 06141

                                                                       David C. Shaw