UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents | : | CIVIL ACTION NO. |
| and next friends, Mr. and Mrs. C.H., | : | 3:02CV00252(SRU) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, et al. | : | |
| Defendants. | : | SEPTEMBER 13, 2004 |

## **MOTION TO AMEND COMPLAINT**

The plaintiffs move to amend that complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. In support of this Motion the plaintiffs represent the following:

1. The First Amended Complaint was filed on March 11, 2002.

2. At the time the First Amended Complaint was filed the plaintiff was not attending school and the IEP developed by the Planning and Placement Team was not being implemented. The First Amended Complaint, therefore, alleges that the illegal actions of defendants relate to the defendants' failure to implement an agreed-upon Individual Education Plan. First Amended Complaint, Second Count.

2. Plaintiffs' Motion to file the Second Amended Complaint was filed on November 11, 2002.

3. On July 30, 2003 the Court denied the Motion to Amend in light of the court's ruling on the state defendants' Motion to Dismiss.

4. On February 26, 2004 [Doc. # 101] the defendants filed an Answer and Special Defenses to the Second Amended Complaint.

5. On July 15, 2004 [Doc. # 116] the defendants filed an Amended Answer and Special Defenses to the Second Amended Complaint.

6. On July 20, 2004 the Court granted defendants' request to Amend their Answer. [Doc. #117].

7. On July 23, 2004 the plaintiffs moved for Reconsideration and/Clarification of the Endorsement Order. [Doc. # 118].

8. On August 13, 2004 the defendants purported to further amend their Answer by filing a "Second Amended Answer and Affirmative Defenses." [Doc. # 125].

9. The defendants' Amended Answer and Second Amended Answer are untimely. The Second Amended Answer, in particular, was filed two and one-half years after the First Amended Complaint was filed with the Court. Moreover, the Amended Answer and the Second Amended Answer raise issues of fact and law not previously raised by defendants. Plaintiffs will be prejudiced if they are not permitted to conduct discovery as to the new factual allegations in the Amended Answer and Second Amended Answer.

10. The plaintiffs now move to amend the First Amended Complaint by filing the attached Third Amended Complaint. Said Amendment is necessary as the relevant facts and circumstances that must be taken into account in dispositive motions have changed since March 2002.

11. In March 2002 the First Amended Complaint accurately alleged that the central dispute between the Southington Board of Education Defendants related to its failure to place B.H. in the J.F. Kennedy Middle School in Southington and provide him with 35.25 hours per

week of special education and related services as required by the Individual Education Plan ("IEP") dated October 17, 2001.

12. Since March 2002 the Southington Board of Education defendants have changed the IEP more than three times. Moreover, throughout the period March 2002 to the present the independent consultant appointed by agreement of the parties pursuant to the Stipulated Agreement that was approved by this Court on March 5, 2002 prepared at least six written reports indicating that B.H.'s then current IEP was inappropriate and certain changes would have to be made to B.H.'s program to make it appropriate. On each occasion the PPT did not disagree with the independent consultant's recommendations but failed to indicate what action if any the PPT would take to address the independent consultant's concerns.

13. Moreover, in response to a complaint filed with the Connecticut Department of Education by the plaintiffs, the CSDE found that the Southington defendants failed to comply with 34 C.F.R. §300.503(b) in that they failed to document whether the PPT had accepted or rejected the recommendations of the independent consultant. As a result the plaintiffs were not given "a clear road map of their son's program and the PPT failed to provide them the prior notice necessary so that they can choose to disagree and exercise their rights to due process." Ltr. CSDE to David Shaw dated February 6, 2004. (Exhibit A)

14. On July 30, 2004 the plaintiffs requested an administrative hearing under the IDEA to challenge the Board's failure to develop and implement an IEP for the 2004-2005 school year that addressed the deficiencies reported by the independent consultant. The parents have completed their direct presentation. The hearing is currently scheduled to be completed on

October 12, 2002.

15. An amendment to the complaint is therefore necessary to make allegations related to the changes in facts and circumstances that have occurred since March 2002 when the First Amended Complaint was filed with the Court.

16. Amending the complaint to reflect changes that have occurred in plaintiffs' special education program since March 2002 is necessary to resolve this case on the merits and to address the need that current information about B.H. be admitted so that an appropriate remedy based on current facts as required by 20 U.S.C. 1415 can be considered.

17. Amending the complaint at this date will not be prejudicial as the recently completed discovery addressed all facts that have occurred and IEPs that have been proposed during the period March 2002 to the present.  Moreover, any delay in requesting an administrative hearing since March 2002 was due, at least in part, to the defendants' failure to notify the plaintiffs to what extent they would modify B.H.'s program in response to the deficiencies identified by the independent consultant.

WHEREFORE, the plaintiffs request permission to file the attached Third Amended Complaint.

PLAINTIFFS,

By   /s/  David C. Shaw
David C. Shaw
34 Jerome Avenue, Suite 210
Bloomfield, CT  06002
Tel. (860) 242-1238
Fax (860) 242-1507
Fed. Bar. No. CT 05239
Email   dcshaw@cttel.net

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on September 13, 2004:


Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Thomas M. Fiorentino, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

                                                                   /s/  David C. Shaw
                                                             David C. Shaw, Esq.