UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents | : | CIVIL ACTION NO. |
| and next friends, Mr. and Mrs. C.H., | : | 3:02CV00252(SRU) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, et al. | : | |
| Defendants. | : | SEPTEMBER 13, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND

**I. INTRODUCTION:**

The plaintiffs move for permission to amend the complaint by filing the attached Third Amended Complaint. The relevant facts are as follows: The First Amended Complaint was filed on March 11, 2002. At the time the First Amended Complaint was filed the plaintiff was not attending school and the IEP developed by the Planning and Placement Team was not being implemented. The First Amended Complaint, therefore, alleges that the illegal actions of defendants relate to the defendants' failure to implement an agreed-upon Individual Education Plan ("IEP"). First Amended Complaint, Second Count.

Plaintiffs' Motion to file the Second Amended Complaint was filed on November 11, 2002. On July 30, 2003 the Court denied the Motion to Amend in light of the Court's ruling on the state defendants' motion to dismiss.

On February 26, 2004 [Doc. # 101] the defendants filed an Answer and Special Defenses to the Second Amended Complaint. On July 15, 2004 [Doc. # 116] the defendants

filed an Amended Answer and Special Defenses to the Second Amended Complaint. On July 20, 2004 the Court granted defendants' request to Amend their Answer. [Doc. #117].

On July 23, 2004 the plaintiffs moved for Reconsideration and/Clarification of the Endorsement Order. [Doc. # 118]. On August 13, 2004, in response to the motion for reconsideration, the defendants purported to further amend their Answer by filing a "Second Amended Answer and Affirmative Defenses." [Doc. # 125]. The defendants' Amended Answer and Second Amended Answer raise issues of fact and law not previously raised by defendants and for the first time purports to respond to the allegations in the First Amended Complaint.

The plaintiffs now move to amend the First Amended Complaint by filing the attached Third Amended Complaint. Said amendment is necessary as the relevant facts and circumstances that must be taken into account in dispositive motions have changed since March 2002. In March 2002 the First Amended Complaint accurately alleged that the central dispute between the Southington Board of Education Defendants related to their failure to place B.H. in the J.F. Kennedy Middle School in Southington and provide him with 35.25 hours per week of special education and related services as required by the Individual Education Plan ("IEP") dated October 17, 2001.

Since March 2002 the Southington Board of Education defendants have changed the IEP at least three times. Moreover, throughout the period March 2002 to the present the independent consultant appointed by agreement of the parties pursuant to the Stipulated Agreement that was approved by this Court on March 5, 2002 prepared at least six written

reports indicating that B.H.'s then current IEP was inappropriate and specifying changes to B.H.'s program that must be made to make it appropriate. On each occasion the PPT did not disagree with the independent consultant's recommendations but failed to indicate what action if any the PPT would take to address the independent consultant's concerns.

Moreover, in response to a complaint filed with the Connecticut Department of Education by the plaintiffs, the CSDE found that the Southington defendants failed to comply with 34 C.F.R. §300.503(b) in that they failed to document whether the PPT had accepted or rejected the recommendations of the independent consultant. As a result the plaintiffs were not given "a clear road map of their son's program and the PPT fails to provide them the prior notice necessary so that they can choose to disagree and exercise their rights to due process." Ltr. CSDE to David Shaw dated February 6, 2004 (Exhibit A).

On July 30, 2004 the plaintiffs requested an administrative hearing under the IDEA to challenge the Board's failure to develop and implement an IEP for the 2004-2005 school year that addressed the deficiencies reported by the independent consultant. The parents have completed their direct presentation. The hearing is currently scheduled to be completed on October 12, 2002.

**II. ARGUMENT:**

Federal Rule 15(a) provides, in relevant part, that a party may amend his/her complaint by leave of the court and that amendment "shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court explained that courts should evaluate Rule 15(a) motions under the following standard:

3

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. – the leave should, as the rule requires, be "freely given."

*Foman v. Davis*, 371 U.S. at 182.

There can be no claim of bad faith or dilatory motive. As can be seen from the attached Exhibit A, the defendants have at no time during the period March 2002 through June 2004 advised the parents as to whether the deficiencies in B.H.'s program would be addressed. On this record, a claim that the parents have in bad faith or for improper motive delayed amending the complaint cannot be sustained.

Defendants also cannot show they have been unduly prejudiced by the delay in moving to amend the complaint. Courts evaluate undue prejudice by considering whether the amendment would: (1) require the opponent to spend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *See, Block, v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1992). The burden is on non-movants to prove prejudice and bad faith. Only the first two factors are relevant here.

First, allowing this amendment will not require defendants to spend significant additional resources to prepare for trial. Plaintiffs' argument is based on several factors. One such factor is that the defendants have consistently failed to advise the parents as to whether or not they would implement the recommendations of the independent consultant. As the Connecticut Department of Education found, plaintiffs during the period March 2002 to the

4

present, were not given "a clear road map of their son's program and fails to provide them the prior notice necessary so that they can choose to disagree and exercise their rights to due process." Ltr. CSDE to David Shaw dated February 6, 2004 (Exhibit A). A claim of undue delay cannot be made out where the defendants failed to properly advise the parents as to what actions they would or would not take in response to the recommendations of the independent consultant.

Another relevant factor is that discovery conducted to date in this lawsuit has covered all events during the period November 2001 to the present. The experts for both sides have offered opinions on current programming, and discovery has consistently emphasized events and B.H.'s progress occurring during the entire relevant period, November 2001 to the present. Defendants cannot claim, therefore, that they are unduly prejudiced because additional resources are necessary to cover events that have occurred since March 2002.

Another factor relating to whether "undue delay" has occurred is that this case was stayed for a total of five months as a result of motions filed by the Southington defendants. See, Orders dated September 17, 2002 and November 26, 2003. Plaintiffs should not be penalized by delay occasioned by defendants because of questions about the solvency of the defendants' insurance carrier.

Another reason that any assertion of undue delay cannot be sustained is that such a construction would be inconsistent with the broad remedial purpose of the IDEA. The need to liberally apply and construe that statute in favor of meeting its goals of providing appropriate and effective education to children with disabilities requires a finding here that undue delay has

5

not occurred.  *See*, *Espino v. Besteiro*, 520 F. Supp. 905, 911 (S.D. Tex 1981)(*citing S-1 v Turlington*, 635 F.2d 342, 347 (5th Cir. 1981)).

A final relevant factor is that in IDEA cases, the parties are on notice that events that occur subsequent to the filing of the lawsuit are generally admissible to inform the Court as to any changes that have occurred in the child's life during the period following the filing of the lawsuit. This is because 42 U.S.C.§ 1415(e) provides that the court must award "appropriate" relief.  Obviously, a court cannot fulfill this statutory duty if it does not consider events that have occurred since February 12, 2002 when this lawsuit was filed.  *See Sch. Comm. Of Burlington v. Mass. Dept. of Educ.*, 471 U.S. 359, 369 (1985).  The amendment to the pleadings proposed here, therefore, cannot be considered prejudicial because the parties have at all times relevant been on notice that evidence as to current circumstances will probably be considered by the court.

Second, defendants cannot successfully maintain that amending the complaint will "significantly" delay the resolution of this lawsuit.  As comprehensive discovery has already been conducted by both parties of facts arising during the period November 2001 to the present, defendants cannot be heard to argue that allowing the amendment will "significantly" delay the resolution of this dispute.

**CONCLUSION**:

An amendment to the complaint is therefore necessary to make allegations related to the changes in facts and circumstances that have occurred since March 2002 when the First Amended Complaint was filed with the Court.  Amending the complaint to reflect changes that

have occurred in plaintiffs' special education program since March 2002 is necessary to resolve this case on the merits and ensure that any appropriate remedies are not ordered without regard to the child's current circumstances.  Such an order will not be prejudicial to defendants in that recently completed discovery addressed all facts and IEPs that have been proposed during the period March 2002 to the present.  Moreover, in light of the fact that the defendants have consistently failed to notify the parents whether or not they would rectify the deficiencies in B.H.'s program identified by the independent consultant, the defendants are estopped from arguing that the delay that is the product of their own actions constitutes "undue prejudice".

          PLAINTIFFS,


          By____/s/  David C. Shaw_
             David C. Shaw
             34 Jerome Avenue, Suite 210
             Bloomfield, CT  06002
             Tel. (860) 242-1238
             Fax (860) 242-1507
             Fed. Bar. No. CT 05239
             Email   dcshaw@cttel.net

## **CERTIFICATION**

     This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on September 13, 2004:

Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Thomas M. Fiorentino, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

                                                    /s/ David C. Shaw
                                                   David C. Shaw, Esq.