UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents | : | CIVIL ACTION NO. |
| and next friends, Mr. and Mrs. C.H., | : | 3:02CV00252(SRU) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, et al.: | | |
| Defendants. | : | September 21, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION FOR DISCOVERY ORDER

**FACTS:**

The plaintiffs move for an order pursuant to Rules 26(b)(4)(C), Fed. R. Civ. P., that will require the Southington Board of Education defendants to pay the expert fee of plaintiffs' expert Ann Majure, Ph.D. incurred in connection with a deposition defendants' counsel took of her on August 12, 2004 to inquire into the opinions she held regarding the issues raised in this lawsuit. The relevant facts are that on July 23, 2003 the plaintiffs properly disclosed Ann Majure, Ph.D. as an expert witness pursuant to Rule 26(a)(2), Fed. R. Civ. P.  On August 12, 2004 defendants took Dr. Majure's deposition and inquired into the opinions in her expert report and the bases for those opinions.  On August 25, 2004 the undersigned counsel wrote a letter to Attorney Bernabo requesting payment of Dr. Majure's bill related to the deposition.  (Exhibit A.)  A copy of Dr. Majure's bill was enclosed with the letter.  (Id.)  On August 26, 2004 Attorney Bernabo

wrote a letter to Attorney Shaw indicating that the defendants would not pay Dr. Majure's bill. (Exhibit B.)  A further request was made by Attorney Shaw during a telephone conversation with Attorney Bernabo on September 13, 2004.  She indicated that the Board's position would remain unchanged.

**ARGUMENT:**

Rule 26(b)(4)(A), Fed. R. Civ. P., provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."  Rule 26(b)(4)(C), Fed. R. Civ. P., provides, however, that "[u]nless manifest injustice would result, (i) the court shall require the party seeking the discovery to pay the expert a reasonable fee for time spent responding to discovery under this subdivision …"

As there is no dispute that Dr. Majure has been disclosed as a testifying expert and defendants have taken her deposition to inquire into the bases for the opinions set out in her report, the Board is responsible for paying Dr. Majure's bill.  Under the Rule, the court must order the payment of Dr. Majure's bill unless manifest injustice would result.  As no compelling case can be made that ordering the payment of this bill will work manifest injustice on the defendants, the court should order payment of this bill as requested.

**CONCLUSION:**

For the foregoing reasons, the court should order the Southington Board of Education

defendants to pay the bill of Dr. Majure attached to this motion as Exhibit A.

                              PLAINTIFFS,

                              By /s/ *David C. Shaw*
                                 David C. Shaw
                                 Law Offices of David C. Shaw LLC
                                 34 Jerome Avenue, Suite 210
                                 Bloomfield, CT  06002
                                 Tel. (860) 242-1238
                                 Fax (860) 242-1507
                                 Fed. Bar. No. CT 05239
                                 Email   dcshaw@cttel.net

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on September 21, 2004:

Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Thomas M. Fiorentino, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

/s/ *David C. Shaw*
David C. Shaw, Esq.