UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| B.H., by and through his parents ) | CIVIL ACTION NO. |
| and next friends, Mr. and Mrs. C.H., ) | 3:02CV00252(SRU) |
| Plaintiffs ) | |
| v. ) | |
| ) | |
| SOUTHINGTON BOARD OF EDUCATION, ) | |
| ET AL., ) | |
| Defendants ) | October 4, 2004 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

The defendants, Southington Board of Education, Frances Haag, and Anthony D'Angelo, hereby submit their objection to the Plaintiffs' September 13, 2004 Motion to Amend Complaint [hereinafter "Motion to Amend"]. The defendants object to the Amended Complaint and the accompanying motion on the grounds that the filing of such amendments at this later date is 1) extremely prejudicial to the defendants, and 2) is outside this court's jurisdiction because the plaintiffs failed to request a State Department of Education administrative due process hearing prior to raising the amended allegations to contest the individual education programs provided to the plaintiff-student, B.H. during the years at issue.

I.     INTRODUCTION

At the outset, it is significant that on or about February 2002, the plaintiffs filed their initial complaint *alleging* that the defendants had inappropriately failed to implement the plaintiff-student, B.H.'s individual educational program during the 2000-2001 school year.  Prior to filing this federal court complaint, the defendants concede that the plaintiffs had exhausted their administrative remedies because they had filed a State Department of Education administrative due process hearing and the hearing officer issued an Order.  With the filing of this *Third Amended* Complaint, however, the Plaintiffs request that this court review not only the 2000-2001 school year, but consider the *alleged* action of the defendants during several, subsequent years as it relates to B.H.'s educational program. See Plaintiffs' September 13, 2004 Third Amended Complaint, ¶¶33-39.  The defendants object to this Amended Complaint as untimely and prejudicial at this juncture.  The defendants also maintain that this court lacks jurisdiction to hear the amendments to this Complaint as the plaintiff failed to timely request a State Department of Education administrative due process hearing.

II.   **LEGAL STANDARD**

Federal Rule 15(a) provides, in relevant part, that a party may amend his/her complaint by leave of the court and that amendment "shall be freely given when justice so requires."  As the plaintiffs have cited in their motion, in Foman v. Davis, the United States Supreme Court explained that courts should evaluate Rule 15(a) motions to determine whether, if any, "…undue delay, bad faith or dilatory motive on the part of the movant,…undue prejudice to the opposing

party by virtue of allowance of the amendment, etc." should serve as a basis for denying such amendment. 371 U.S. 178, 182 (1962).  Thus, a court will allow amendments for purpose of presenting real issues of case, where moving party has not been guilty of bad faith and is not acting for purpose of delay, where opposing party will not be unduly prejudiced, and where trial of issue will not be unduly delayed. Maynard, Merel & Co. v. Carcioppolo, 51 FRD 273 (S.D.N.Y. 1970).  However, liberality of Rule 15(a) does not mean that court must allow amendment regardless of diligence of moving party; where party seeking amendment knows or should know facts upon proposed amendment is based but fails to include them in original complaint, court may in its discretion deny motion to amend.. Jordan v. County of Los Angeles, 669 F.2d 1311 (9th Cir. 1982).  The plaintiff in this case bears the burden of proof for explaining the reasons for delay. See Freedom Int'l Trucks v. Eagle Enters, 182 FRD 172 (E.D. Pa. 1998).

A.    The Plaintiffs' Amended Complaint Should Be Denied On The Grounds That Discovery Has Concluded And The Defendants Will Be Prejudiced As A Result.

The plaintiffs filed their Motion to Amend on or about September 13, 2004 – almost two weeks after the conclusion of discovery in this case.  The defendants object to the filing of this Third Amended Complaint after the completion of discovery on the grounds that 1) the plaintiffs unreasonably delayed in filing these new allegations, and 2) the defendants are now prejudiced by this Amended Complaint since discovery concluded on August 31, 2004, and the defendants will be unable to respond with additional evidence to defend against the new claims, especially

in light of the deadline for dispositive motions which is on or before October 15, 2004.  See Hinson v. Clinch County Bd. of Educ. (11th Cir. 2000).

The plaintiffs state as a basis for the filing of this Amended Complaint that "[s]aid amendment is necessary as the relevant facts and circumstances that must be taken into account in dispositive motions have changed since March 2002." See plaintiffs' September 13, 2004 memorandum is support of motion to amend, at p.2.  The plaintiffs admit that – when their initial complaint was filed - the central issue in dispute between the Southington Board of Education (hereinafter "the Board") and the plaintiffs related to their alleged failure to place B.H. in the public school setting with certain services as provided for in an individual education plan (hereinafter "IEP") dated October 17, 2001. Id. The plaintiffs further state that the planning and placement team (hereinafter "PPT") recommended changes to the IEP several times since then. Id.  The plaintiff are <u>now</u> of the position that such subsequent changes to the IEP are inappropriate and are in violation of the Individuals With Disabilities Education Act, 20 U.S.C. §§1400, et seq. Id., p.3.  The defendants object to these new allegations since, technically –these are not new allegations to the plaintiffs; they were of the position that the Board was in violation of the IDEA as far back as December 2003 when they filed a Connecticut State Department of Education complaint. Id.  See September 13, 2004 Amended Complaint, ¶36.

Although delay alone is insufficient ground to deny leave to amend, question of undue delay requires the court to focus on movant's reasons for not amending sooner, and substantial or undue prejudice to nonmoving party, which is caused by delay, is sufficient ground for denial of

leave to amend. Cureton v. NCAA (3rd Cir. 2001). The plaintiffs waited almost one year –after filing the complaint with the State Department of Education - to file these amendments in federal court. Even after the filing of the complaint, the plaintiffs waited an additional five months after receiving the State Department of Education decision, referenced in their memorandum at page 4. Although their alleged claim for not filing these amendments is that: "…the defendants have at no time during the period march 2002 through June 2004 advised the parents as to whether the deficiencies in B.H.'s program would be addressed." It is clear from defendants' Exhibit A, attached hereto, that the parents were of the position that the defendants had failed to provide an appropriate educational program for the last three years. See ___ letter from Attorney David C. Shaw, attached as Exhibit A. This letter makes clear that the plaintiffs were well aware of the allegations that they are now seeking as amendment just weeks before dispositive motions are due and after discovery has been completed.

The defendants, in the meantime, were defending a lawsuit related to only one year of programming and have not initiated discovery related to all of the subsequent years of educational programming based on the initial complaint which addresses only the 2001-2002 school year. Indeed, the plaintiffs are now seeking that this court review a total of <u>four years</u> of programming. The delay in filing these amendments is critical because this case has now expanded exponentially. The new allegations change the landscape of the instant lawsuit and seriously broaden the scope of the issues which are extremely factual and detailed as they relate

more than 180 days of educational programming[1] over the course of four years. As a result, the defendants are prejudiced by not having the time – less than 30 days before the defendants had planned to file a motion for summary judgment – to consider the effect of the new amendment on the instant case. Nor do the defendants have the discovery from the plaintiffs – admissions, interrogatories, etc. - that is necessary to their case. The prejudice to the defendant warrants a denial of the plaintiffs' motion for leave to file an amended complaint.

B.  <u>The Plaintiffs' Motion For Leave To Amend Complaint Should Be Denied Because This Court Lacks Jurisdiction Over The New Allegations.</u>

With the filing of the new amendments to the instant complaint, the plaintiffs, are, in short, asking this court to adjudicate issues that were never addressed at a State Department of Education administrative due process hearing. In doing so, the plaintiffs seek to circumvent their obligation to exhaust her administrative remedies, despite the fact that the IDEA expressly provides::

> Nothing in this part shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, *except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part.*

---

[1] As a special education student, B.H. received extended school year services and thus went to school more than the typical 180 day school year.

20 U.S.C. §1415(l)(emphasis added). Consequently, "[b]efore seeking judicial review in the federal courts, persons claiming to be aggrieved by . . . violations of the IDEA must first exhaust their administrative remedies." Garro v. State of Connecticut, 23 F.3d 734, 737 (2d Cir. 1994). See also Riley v. Ambach, 668 F.2d 635, 640 (2d Cir. 1981)("The philosophy of the [IDEA] is that a plaintiff must first exhaust the state administrative remedies provided under the Act . . . before bringing an action in federal court to challenge the . . . placement of a child"). In keeping with this "general rule" of administrative exhaustion, "judicial review is not available [under the IDEA] until all administrative proceedings are completed." K.P. v. Juzwic, 891 F. Supp. 703, 718 (D. Conn. 1995)(citing Honig v. Doe, 484 U.S. 305, 327, 108 S. Ct. 592, 606 (1988)). See also Waterman v. Marquette-Alger Intermediate Sch. Dist., 739 F. Supp. 361, 364-65 (W.D. Mich. 1990)(citing Doe v. Smith, 879 F.2d 1340, 1343-44 (6th Cir. 1989), cert. denied sub nom. Doe v. Sumner County Bd. Of Educ., 493 U.S.1024, 110 S. Ct. 730 (1990))("No doubt exists that [IDEA] plaintiffs must exhaust their adequate and available state and local administrative remedies before seeking relief in state or federal court")

The Second Circuit recently reaffirmed the requirement that the administrative remedies available to plaintiffs under the IDEA be exhausted prior to seeking judicial relief. Polera v. The Board of Education of the Newburgh Enlarged City School District, 288 F.3d 478 (2d Cir. 2002). In Polera, the court held:

> The IDEA's exhaustion requirement was intended to channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in the area and promptly resolve grievances. The exhaustion

>requirement "prevents courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes." Heldman v. Sobol, 962 F.2d 148, 159 (2d Cir. 1992). "Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1303 (9th Cir. 1992); see also Crocker v. Tenn. Secondary Sch. Athletic Ass'n, 873 F.2d 933, 935 (6th Cir. 1989) ("States are given the power to place themselves in compliance with the law . . . . Federal Courts--generalists with no experience in the educational needs of handicapped students-- are given the benefit of expert factfinding by a state agency devoted to this very purpose").

288 F.3d at 487.

Using reasoning that is equally applicable to the present case, the Second Circuit explained: "The IDEA is intended to remedy precisely the sort of claim made by Polera: that a school district failed to provide her with appropriate educational services. The fact that Polera seeks damages, in addition to relief that is available under the IDEA, does not enable her to sidestep the exhaustion requirements of the IDEA." Id., at 488. Additionally, the court noted:

>Moreover, the exhaustion requirement is predicated on Congress's belief, expressed through the statutory scheme, that administrative agencies can "get it right": that the agencies themselves are in the optimal position to identify and correct their errors and to fine-tune the design of their programs. Sweeping exceptions to the exhaustion requirement are at odds with this belief.

Id., at 489. Additionally, the IDEA's "exhaustion rule serves the following important purposes . . . 'preventing deliberate disregard and circumvention of agency procedures established by Congress; and . . . avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error.'" Association for Community Living in Colorado v. Romer, 992 F.2d 1040, 1044 (10th

Cir. 1993)(quoting Hayes v. Unified Sch. Dist. No. 377, 844 F.2d 809, 814 (10th Cir. 1989)).  See also N.B. v. Alachua County Sch. Bd., 84 F.3d 1376, 1378-79 (11th Cir. 1996).[2]

As is evident from the plain language of 20 U.S.C. §1415(l), when a plaintiff fails to exhaust her administrative remedies the preclusive scope of the IDEA's exhaustion requirement also "prohibits actions under statutes other than IDEA for relief that IDEA could provide."  Hope v. Cortines, 872 F. Supp. 14, 19 (E.D.N.Y 1995), *aff'd*, 69 F.3d 687 (2d Cir. 1995).  In fact, "[t]here exists *no doubt* that section 1415[l] applies to claims asserted under Section 1983."  Id. (emphasis added).  Even Section 1415's legislative history "expressly states that the provisions will apply to claims asserted under Section 1983" Id. (citing H.R. Conf. Rep. No. 687, 99th

---

[2] In accordance with the IDEA, Connecticut has implemented a due process hearing procedure pursuant to Conn. Gen. Stat. §§10-76a *et seq.,* which provides in relevant part:

> A parent or guardian of a child requiring special education and related services . . . may request, in writing, a hearing of the local or regional board of education . . . *whenever such board or district proposes or refuses to initiate or change the identification,* evaluation or educational placement of or the provision of a free appropriate public education to such child or pupil.

Conn. Gen. Stat. §§10-76h(a)(1)(emphasis added).  See also Conn. Agencies Regs. §§10-76h-1 *et seq.*  Upon the receipt of such a hearing request, the State Department of Education is required to "schedule a hearing," Conn. Gen. Stat. §10-76h(b), before an impartial hearing officer, Conn. Gen. Stat. §10-76h(c)(1), at which the parents are entitled "to be represented by legal counsel," Conn. Agencies Regs. 10-76h-2(f)(2), and are entitled to present evidence, including expert medical, psychological and educational testimony; and to cross-examine any witness; and to require the attendance of any official, employee or agent of the board of education who may have evidence upon which the proposed action was based.  Conn. Agencies Regs. §10-76h-2(f)(5).  See also 20 U.S.C. §1415(h).  Furthermore, the hearing officer has the authority:

> *to confirm, modify, or reject the identification,* evaluation or educational placement of or the provision of a free appropriate public education to the child or pupil, to determine the appropriateness of an educational placement . . . or to prescribe alternate special educational programs for the child or pupil.

Conn. Gen. Stat. §10-76h(d)(1)(emphasis added).

Cong., 2d Sess. (1986), *reprinted in* 1986 U.S.C.C.A.N. 1807)("It is the conferees' intent that actions brought under 42 U.S.C. §1983 are governed by [section 1415(l)]").

A number of courts have dismissed actions brought pursuant to 42 U.S.C. §1983 and similar civil rights legislation such as Section 504 of the Rehabilitation Act, 29 U.S.C. §§701 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C.§§12131, *et seq.*, based upon the plain and unambiguous language contained in 20 U.S.C. §1415(l). See, e.g., Charlie F. v. Board of Educ. of Skokie Sch. Dist., 98 F.3d 989, 991-93 (7th Cir. 1996)(Parents "cannot ignore remedies available under the IDEA and insist on those of their own devising."); N.B. v. Alachua County Sch. Bd., 84 F.3d 1376, 1379 (11th Cir. 1996)(quoting Association for Retarded Citizens of Alabama v. Teague, 830 F.2d 158, 160 (11th Cir. 1987))("'The philosophy of the [IDEA] is that plaintiffs are required to utilize the elaborate administrative scheme established by the [IDEA] before resorting to the courts to challenge the actions of the local school authorities.'"); Association for Comm. Living in Colo. v. Romer, 992 F.2d 1040, 1044 (10th Cir. 1993) )("A plaintiff must exhaust these same [IDEA] remedies before bringing a 42 U.S.C. §1983 action for relief that is also available under the IDEA."); Hope v. Cortines, 872 F. Supp. 14, 19 (E.D.N.Y 1995), *aff'd*, 69 F.3d 687 (2d Cir. 1995)("There exists no doubt that section 1415([l]) applies to claims asserted under Section 1983."); Cf Mrs. W. v. Tirozzi, 832 F.2d 748, 756 (2d Cir. 1987)(The IDEA's "remedies must be exhausted prior to instituting a civil action in federal court pursuant to . . . § 1983.").

In the present case, the plaintiffs' causes of action all arise from the same predicate allegations that give rise to their IDEA claims. See ¶¶33-38 of Plaintiff's September 13, 2004 Amended Complaint. As such, these entwined claims clearly fall within the parameters of the due process procedures contemplated by 20 U.S.C. §1415 and implemented in Conn. Gen. Stat. §10-76h. Therefore, the plaintiff is obligated to exhaust those administrative remedies prior to filing the present action. See, e.g., Doe v. Alfred, 906 F. Supp. 1092, 1099 (S.D.W.Va. 1995)("It would be nonsensical and counter-productive indeed to allow a claim for damages to proceed in this Court when administrative proceedings below well might resolve the controversy."); Waterman v. Marquette-Alger Intermediate Sch. Dist., 739 F. Supp. 361, 364-65 (W.D. Mich. 1990)("No doubt exists that [IDEA] plaintiffs must exhaust their adequate and available state and local administrative remedies before seeking relief in state or federal court.").[3]

With the new allegations, the plaintiffs raise several issues that are – or would have been - ripe for a hearing officer, not this federal court because these issues go far beyond implementation (an exception to the general rule of exhaustion) – the basis for the filing of the

---

[3] Furthermore, the delay in filing for an administrative due process hearing has prejudiced the defendants in that, assuming *arguendo* that a hearing officer would have ruled in favor of the plaintiffs had they filed for a hearing, the defendants would have been implemented an altogether different educational program in the later years after such hearing officer order. By filing these amendments now, the plaintiffs should be barred by the doctrine of laches. See, e.g., Mr. and Mrs. D. v. Southington Board of Education, 334 F.3d 217 (2d Cir. 2003). *Indeed, the letter attached by the plaintiffs to their memorandum of law, plaintiffs' Exhibit A, indicates and advises the plaintiffs to file for a hearing over the years at issue and they failed to do so.*

initial complaint. The new allegations in the amended complaint concern the appropriateness of the program, the IEP, as it was recommended by the planning and placement team. See Plaintiffs' September 13, 2004 Amended Complaint, at ¶¶33-34. The plaintiffs are concerned that certain service were not put into the IEP – e.g. Circle of Friends, extended day program, back up plan, etc. Id. In this case, the plaintiffs have failed to pursue, much less exhaust, those administrative remedies. Given the new form of the new allegations and the fact that the plaintiffs have failed to file for a State Department of Education administrative hearing, the plaintiffs' motion for leave to file the amendments should be denied.

### IV. CONCLUSION

For the foregoing reasons, the defendants respectfully request that this court deny the plaintiffs' motion for leave to file their September 13, 2004 amended complaint.

                                    DEFENDANTS – SOUTHINGTON BOARD OF
                                    EDUCATION, ET AL


                                    By_____
                                    Nicole A. Bernabo (ct19783)
                                    Sullivan, Schoen, Campane & Connon
                                    646 Prospect Avenue
                                    Hartford, CT 06105
                                    Tel: (860) 233-2141
                                    Fax: (860)-233-0516
                                    Email: nbernabo@sscc-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum In Opposition To Plaintiffs' Motion For Leave To File Amended Complaint was mailed on the 4th day of October, 2004, via first class mail, postage prepaid, to David C. Shaw, Esq., 34 Jerome Avenue, Suite 210, Bloomfield, CT 06002.

_____
Nicole A. Bernabo