UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents | : | CIVIL ACTION NO. |
| and next friends, Mr. and Mrs. C.H., | : | 3:02CV00252(SRU) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, et al. | : | |
| Defendants. | : | October 7, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION FOR DISCOVERY ORDER

### FACTS:

The plaintiffs move for an order pursuant to Rules 26(b)(4)(C), Fed. R. Civ. P., that will

require the Southington Board of Education defendants to pay the expert fee of plaintiffs' expert

Sue Gant, Ph.D. incurred in connection with a deposition defendants' counsel took of her on

March 16, 2004 to inquire into the opinions she held regarding the issues raised in this lawsuit.

The relevant facts are that on July 23, 2003 the plaintiffs properly disclosed Sue Gant, Ph.D. as

an expert witness pursuant to Rule 26(a)(2), Fed. R. Civ. P.  On March 16, 2004 defendants

took Dr. Gant's deposition and inquired into the opinions in her expert report and the bases for

those opinions. (Exhibit A)  On October 4, 2004 the undersigned counsel wrote a letter to

Attorney Bernabo requesting payment of Dr. Gant's bill related to the deposition.  (Exhibit B.)

A copy of Dr. Gant's bill was enclosed with the letter.  (Id.)  On October 7, 2004 Attorney

Bernabo wrote a letter to Attorney Shaw indicating that the defendants would not pay Dr.

Gant's bill.  (Exhibit C.)

**ARGUMENT:**

Rule 26(b)(4)(A), Fed. R. Civ. P., provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."  Rule 26(b)(4)(C), Fed. R. Civ. P., provides, however, that "[u]nless manifest injustice would result, (i) the court shall require the party seeking the discovery to pay the expert a reasonable fee for time spent responding to discovery under this subdivision …"

As there is no dispute that Dr. Gant has been disclosed as a testifying expert and defendants have taken her deposition to inquire into the bases for the opinions set out in her report, the Board is responsible for paying Dr. Gant's bill.  Under the Rule, the court must order the payment of Dr. Gant's bill unless manifest injustice would result.  As no compelling case can be made that ordering the payment of this bill will work manifest injustice on the defendants, the court should order payment of this bill as requested.

**CONCLUSION:**

For the foregoing reasons, the court should order the Southington Board of Education defendants to pay the bill of Dr. Gant attached to this motion as Exhibit B.

PLAINTIFFS,

By  /s/  David C. Shaw
    David C. Shaw
    Law Offices of David C. Shaw LLC
    34 Jerome Avenue, Suite 210
    Bloomfield, CT  06002
    Tel. (860) 242-1238
    Fax (860) 242-1507
    Fed. Bar. No. CT 05239
    Email   dcshaw@cttel.net

2

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on October 7, 2004.


Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

M.J. McCarthy, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141


  /s/    David C. Shaw
David C. Shaw, Esq.