UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents | : | CIVIL ACTION NO. |
| and next friends, Mr. and Mrs. C.H., | : | 3:02CV00252(SRU) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, et al. | : | |
| Defendants. | : | OCTOBER 13, 2004 |

## MEMORANDUM IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

**BACKGROUND:**

The defendants have filed a Motion for Protective Order seeking to preclude plaintiffs from conducting a deposition pursuant to Rule 30(b)6, Fed. R. Civ. P., of the designee of the Commissioner of the Connecticut Department of Education. The relevant facts are that on September 15, 2004, during oral argument, the Court indicated that it would allow plaintiffs twenty days to pursue discovery from the Connecticut Department of Education relating to the new special defenses raised in the defendants' Answer filed on September 16, 2004. [Doc. # 136]. On October 4, 2004 the plaintiffs served a Notice of Deposition and Subpoena Duces Tecum on the Commissioner of the Connecticut Department of Education. (Exhibit A.) On or

about October 7, 2004 the defendants filed a Motion for Protective Order arguing that the requested discovery was precluded by the Scheduling Order of the Court.  The parties have not gone forward with the deposition in light of the Motion for Protective Order.

**ARGUMENT**:

The defendants raise two arguments in support of their motion.  First, they argue that the requested motion is untimely because the Court's Endorsement Order [Doc. #127] dated August 18, 2004 established a discovery deadline of August 30, 2004.  As the Court indicated during oral argument on September 15, 2004 that discovery relating to the new special defenses raised by the defendants' amended answer filed on September 16, 2004, the discovery should be permitted.  The Court noted that discovery relating to the process used by the Connecticut Department of Education relating to complaint resolution would be allowed because defendants raised in their Amended Answer for the first time that the plaintiffs' claims were barred by *res judicata* because parent complaints involving similar issues had been resolved by the Connecticut Department of Education through its complaint review process.

The defendants also argue that the requested discovery should be precluded because dispositive motions are due by October 15, 2004.  This should not serve as a barrier to the requested discovery, however, as the Court has changed the date for the filing of dispositive motions to December 15, 2004 in its electronic scheduling order dated October 12, 2004 [Doc.

# 140].

**CONCLUSION**:

    For the foregoing reasons, the Motion for Protective Order should be denied.


                        PLAINTIFFS,


                    By  /s/ *David C. Shaw*
                      David C. Shaw
                      34 Jerome Avenue, Suite 210
                      Bloomfield, CT  06002
                      Tel. (860) 242-1238
                      Fax (860) 242-1507
                      Fed. Bar. No. CT 05239
                      Email   dcshaw@cttel.net

EXHIBIT A

5 PAGES ATTACHED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents and next friends, Mr. and Mrs. C.H. | : | CIVIL ACTION NO. 3:02CV252 (SRU) |
| PLAINTIFFS, | : | |
| V. | : | |
| SOUTHINGTON BOARD OF EDUCATION, ET. AL. DEFENDANTS. | : | OCTOBER 4, 2004 |

### SUBPOENA DUCES TECUM

TO:   COMMISSIONER
      CONNECTICUT DEPARTMENT OF EDUCATION

BY AUTHORITY OF THE STATE OF CONNECTICUT, the **COMMISSIONER, CONNECTICUT DEPARTMENT OF EDUCATION**, is requested, pursuant to Federal Rules of Civil Procedure 30(b)(6), to designate the person or persons most knowledgeable about and who can testify as to the following matters. The Commissioner of the Department of Education is also requested to instruct said person(s), pursuant to Fed. R. Civ. P. 30 and 34, to assemble the documents[1] listed below and bring those documents with him/her to the deposition to be held on OCTOBER 11, 2004 AT 9:30 A.M. at the Law Offices of David C. Shaw, LLC, 34 Jerome Ave., Suite 210, Bloomfield, Connecticut.

1. The person(s) most knowledgeable about the procedures used by Connecticut Department of Education in connection with Complaint No. C04-066, Benjamin Hartman.

2. The custodian of any statement of policy or procedure describing procedures that must be followed in resolving complaints filed pursuant to 34 C.F.R. Section 300.662. The custodian should be instructed to produce any such written statements at the deposition.

3. The person(s) most knowledgeable about whether hearing officers conducting hearings under The Individuals with Disabilities Education Act have jurisdiction over the Connecticut Department of Education.

4. The custodian(s) of any document that reflects the Connecticut Department of Education's policy on the extent of hearing officer jurisdiction over the Connecticut Department of Education. The custodian should be instructed to produce any such documents at the deposition.

PLAINTIFFS
By _____
David C. Shaw, Esq.
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Tel: (860) 242-1238
Fax: (8600 242-1507
Fed. Bar No. ct 05239

---

[1] The word "document" as used herein includes all writings, drawings, graphs, charts, photographs, phonorecords, computer data bases, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form.

STATE OF CONNECTICUT    )
                        ) SS.    Hartford  10/4    2004
COUNTY OF  Hartford     )

Then I made due service of the within Subpoena by reading the same in the presence and hearing of and leaving a true copy thereof with the following person(s) at the address indicated:

Name: Mark Stapleton Chief Office of Legal Affairs duly auth'd to accept for the Commissioner

Address: 165 Capitol Ave Htfd

and paid/~~tendered~~ ~~(to each)~~ the fees allowed by law.

The within is a true copy of the original Subpoena.

Witness Fees  2.00
Pages         3.00
Service      30.00
Travel        4.30
Endorsement    .80
             40.10

ATTEST:

State Marshal/County of Hartford
~~Constable~~
~~Indifferent Person~~

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents and next friends, Mr. and Mrs. C.H. | : | CIVIL ACTION NO. |
| | : | 3:02CV252 (SRU) |
| PLAINTIFFS, | : | |
| V. | : | |
| | : | |
| SOUTHINGTON BOARD OF EDUCATION, ET. AL. | : | |
| DEFENDANTS. | : | OCTOBER 4, 2004 |

NOTICE OF DEPOSITION

The **COMMISSIONER OF THE CONNECTICUT DEPARTMENT OF EDUCATION** is hereby provided notice by the plaintiffs of her duty, pursuant to Rule 30(b)(6), Fed. R. Civ. P., to designate and produce the following person(s) and documents[1] for a deposition to be held on OCTOBER 11, 2004 at 9:30 a.m. at the Law Offices of David C. Shaw, LLC, 34 Jerome Ave., Suite 210, Bloomfield, Connecticut.

1. The person(s) most knowledgeable about the procedures used by Connecticut Department of Education in connection with Complaint No. C04-066, Benjamin Hartman.

2. The custodian of any statement of policy or procedure describing procedures that must be followed in resolving complaints filed pursuant to 34 C.F.R. Section 300.662. The custodian should be instructed to produce any such written statements at the deposition.

---

[1] The word "document" as used herein includes all writings, drawings, graphs, charts, photographs, phonorecords, computer data bases, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form.

3. The person(s) most knowledgeable about whether hearing officers conducting hearings under The Individuals with Disabilities Education Act have jurisdiction over the Connecticut Department of Education.

4. The custodian(s) of any document that reflects the Connecticut Department of Education's policy on the extent of hearing officer jurisdiction over the Connecticut Department of Education. The custodian should be instructed to produce any such documents at the deposition.

The deposition will be taken upon oral examination, pursuant to Federal Rules of Civil Procedures, before Niziankiewicz & Miller Reporting Services. The deposition will continue from day to day until completed, subject to such adjournment as may be agreed upon by counsel. Opposing counsel is invited to attend and cross-examine the witness. The testimony will be used for discovery purposes and may be introduced at trial.

PLAINTIFFS

By _____
David C. Shaw, Esq.
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Tel: (860) 242-1238
Fax: (8600 242-1507
Fed. Bar No. ct 05239

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on October 4, 2004:

Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

Ralph E. Urban, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

_____
David C. Shaw, Esq.

3

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on October 13, 2004.

Nicole Bernabo, Esq.
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105

M.J. McCarthy, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

                                            /s/ *David C. Shaw*
                                          David C. Shaw, Esq.