UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.H., by and through his parents | ) | CIVIL ACTION NO. |
| and next friends, Mr. and Mrs. C.H., | ) | 3:02CV00252(SRU) |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| SOUTHINGTON BOARD OF EDUCATION, | ) | |
| ET AL, | ) | |
| Defendants | ) | OCTOBER 22, 2004 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S
<u>MOTION FOR DISCOVERY ORDER</u>**

The defendants Southington Board of Education, Frances Haag and Anthony D'Angelo hereby interpose this Objection to the plaintiff's September 21, 2004 and October 7, 2004 Motions for Discovery Orders which seek costs for various expert depositions noticed by the defendants. More specifically, the plaintiffs moved on September 21, 2004 to have this court order the defendants to pay the experts fees of plaintiffs' expert, Ann Majure, Ph.D., and on October 7, 2004, plaintiffs filed an additional motion to have this court order the defendants to pay the expert fees of plaintiffs' identified expert, Sue Gant, Ph.D. The defendants object to

**ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED**

such an order requiring the defendants to pay fees for these deposition on the grounds that: 1) the parties did not stipulate to any such fees prior to commencing discovery of experts' opinions; 2) the defendants have not sought the reimbursement of defendants' experts' fees for the deposition taken by plaintiffs' counsel; 3) manifest injustice will result if the defendants are required to pay costs prior to an Order being issued by this court indicating that the plaintiffs are considered a prevailing party consistent with 20 U.S.C. Sections 1415(i)(3)(B). Therefore, the defendants respectfully request that the court sustain this Objection and thereby deny the plaintiffs' motions.

## ARGUMENT

In their September 21 and October 7, 2004 motions -- which are virtually identical except for the named expert - the plaintiffs rely entirely on a portion of Rule 26(b)(4)(A), Fed. R. Civ. P., that "[u]nless manifest injustice would result, (i) the court shall require the party seeking the discovery to pay the expert a reasonable fee for time spent responding to discovery under this subdivision... ." See Memorandums in support of Motion for Discovery Order, at p. 2, respectively. Their briefs are devoid of any caselaw in support of their position that defendants are currently responsible for the expert fees as a result of the depositions.

The Federal Rules of Civil Procedure provide the mechanism for taking discovery from experts witnesses. Rule 26(b)(4)(A) provides:

2

> A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

That Rule must be read in conjunction with Rule 26(b)(4)(C):

> Unless manifest injustice would result…the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery… .

The defendants submit that manifest injustice will result in this case if they are required to pay the plaintiffs' experts' fees as set forth below.

    **A.**    **The Defendants Deposed The Plaintiffs' Experts Only To Learn The Nature Of The Plaintiffs' Claims And To Prepare For Effective Cross-Examination Of Such Experts And Therefore, Plaintiffs Have Failed To Timely File This Motion For A Discovery Order.**

Since the plaintiffs have initiated this appeal of the underlying administrative special education due process hearing, they have the burden of proving that the hearing officer's decision should be overturned and/or that the defendants have failed to implement the hearing officer's Order. To meet this obligation, the plaintiffs retained the services of Dr. Ann Majure and Dr. Sue Gant, to review the student's educational records and observe the student in his then-current educational program. In so doing, the plaintiffs – of their own doing – expended their

own resources to retain these experts and have reports authored to presumably support their position in this litigation.[1] The defendants maintain that their attorney took the deposition of these experts only to learn the nature of the plaintiffs' claims and to prepare for effective cross-examination. Indeed, the plaintiffs' experts were not named until approximately a year after the student's program had changed. Therefore, the plaintiffs' expert had not observed the plaintiff-student in his previous educational program – the issue of this lawsuit. The defendants thus had every reason to inquire about the experts' opinions for cross examination purposes.

As stated in Weekley v. Transcraft, Inc., 113 F.R.D. 683, 684 (N.D.Ind.1987), "[r]ule 26(b)(4) was designed to permit the parties to prepare adequately for cross-examination prior to trial and to avoid any surprises or other delays during the trial."

> A prohibition against discovery of information held by expert witnesses produced in acute form the very evils that discovery has been created to prevent. Effective cross-examination of an expert witness requires advance preparation. The lawyer even with the help of his own experts frequently cannot anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand. A California study of discovery and pretrial in condemnation cases notes that the only substitute for the discovery of experts' valuation materials is 'lengthy –and often fruitless-cross examination during trial,' and recommends pretrial exchange of such material. Similarly, effective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of issues and elimination of surprise which discovery normally produces are frustrated. (Citations omitted)

---

[1] The defendants concede that it was agreed upon by the parties to have Dr. Ann Majure conduct an independent evaluation; however, the defendant were unaware – when this agreement was entered into – that defendants intended to retain Dr. Majure as an expert in their case.

4

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

Id., at 684-85.

This is simply not a case where the defendants are using the opposing experts to prove their case. See Lewis v. United Air Lines Transp. Corp., 32 F.Supp. 21 (W.D.Pa. 1940); Walsh v. Reynolds Metals Co., 15 F.R.D. 376 (D.N.J. 1954); Advisory Committee Notes to 1970 Amendments, 48 F.R.D. 504-505. Manifest injustice will certainly result if defendants are required to pay experts' fees that are not at all consistent with that term as has been applied in some cases. See, e.g., Gorlikowski v. Tolbert , 52 F.3d 1439, 1444 (7th Cir. 1995)(court interpreted Rule 16(e) which uses the same phrase).

In this regard, the defendants submit that both expert reports relating to this lawsuit were vague and outside the scope of this issues pertaining to the 2001-2002 school year. Had the defendants known that the plaintiff was going to seek a discovery order for payment of the fees of these experts prior to deposing such witnesses, the defendants would have sought a protective order relating to the timeframe of these expert opinions. In this regard, the plaintiffs have unnecessarily delayed in seeking this discovery order for the payment of fees of each of these experts and the defendants are now prejudiced by this unexpected motion. Indeed, Dr. Gant was deposed in March 2004 and the plaintiffs' first request for payment was October 4, 2004. Approximately seven months have passed since the deposition of Dr. Gant.

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

The defendants therefore submit that manifest injustice will result since the plaintiffs failed to notify the defendant that they were seeking payment for the depositions of Dr. Gant and Dr. Majure prior to agreeing to convene these depositions – the purpose of which was to prepare for cross examination because the reports disclosed by the plaintiffs related to a timeframe outside this litigation.

    **B.**    **The Plaintiffs' Motion For Discovery Order Should Be Denied Because The Defendants Have Not Sought Reimbursement For Their Experts' Deposition Fees And Any Such Fees, If Requested, Would Entirely Offset The Fees Requested By The Plaintiffs In This Motion.**

The defendants maintain that the plaintiffs have unnecessarily filed this motion with the court since the defendants have not requested reimbursement for the time spent by the defendants' experts during their deposition by plaintiffs' counsel. Indeed, the defendants represent herein that should this court order that the defendants pay experts' fees, the defendants will seek the same from the plaintiffs. Accordingly, the defendants submit that denial of this motion is appropriate in light of the fact that defendants are not seeking such fees. Alternatively, the defendants will file a similar motion for payment of fees. If ordered by this court, the defendants will present invoices reflecting the numerous hours of deposition taken by Attorney Shaw of their experts versus the amount of time spent by defendants' counsel.

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

The defendants respectfully request that this court deny the plaintiffs' motion for a discovery order at this time. As this court stated at oral argument on September 15, 2004, too many unnecessary motions have been filed by the parties in this case. The plaintiffs' action - in filing the instant motion without considering the possibility that defendants would retort and file a similar motion which might contain expert fees exceeding those incurred by the plaintiff - would be tolerable were it an aberration. This filing may arguably serve a legitimate purpose, but it also requires additional, unnecessary judicial resources because the defendants will likely now file a similar motion seeking a similar ruling (unless, of course, the plaintiffs agree to offset the costs accordingly). If, however, the court denies the plaintiffs' motion for a discovery order, the defendants submit that no fees will be sought for their experts' depositions. Accordingly, the defendants respectfully request that this court deny the plaintiffs' motion.

    C.    **Plaintiffs Will Be Awarded Fees And Costs If They Are Found To Be Prevailing Parties In This Litigation, And Therefore, Any Aware Of Experts' Fees Should Be Delayed Unless And Until There Is Such An Order.**

Pursuant to 20 U.S.C. Section 1415 (3), the plaintiffs will be awarded reasonable fees and related costs if adjudged a prevailing party in this lawsuit. Accordingly, the plaintiffs request for fees via a discovery order is premature. Expert witness fees during a deposition certainly would

be considered in any analysis of related costs. At this time, the plaintiffs should not be awarded fees for the costs of this litigation unless and until they are considered to be prevailing parties.

For the reasons already set forth herein, there is clearly a basis to find that an order requiring defendants to pay costs, as requested, would result in manifest injustice. The defendants, however, are also troubled by the subtext of the plaintiff's Motion for Discovery Order in that this motion was filed unnecessarily and may now require defendants to seek an order to recover costs for its own experts' deposition fees. Costs, that the defendants had reasonably construed to be an understanding between the parties – since there was no previous stipulation regarding the payment of experts' fees - that both parties would consider the costs of litigation.

THEREFORE, for the reasons set forth herein, the defendants respectfully request that this court deny the plaintiffs' motion for discovery order. In the alternative, if this court intends to award fees consistent with the plaintiffs' motion, the defendants respectfully request an additional opportunity to brief the <u>reasonableness</u> of the fees requested.

8

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

DEFENDANTS – SOUTHINGTON BOARD OF EDUCATION, ET AL


By /s/ Nicole A. Bernabo
Nicole A. Bernabo (ct19783)
Sullivan, Schoen, Campane & Connon
646 Prospect Avenue
Hartford, CT 06105
Tel: (860) 233-2141
Fax: (860)-233-0516
Email: nbernabo@sscc-law.com

9

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO 62326

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed on the 25th day of October, 2004, via first class mail, postage prepaid, to David C. Shaw, Esq., 34 Jerome Avenue, Suite 210, Bloomfield, CT 06002.

_____
Nicole A. Bernabo

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO 62326