FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT       2005 JAN 25  A 11: 50

U.S. DISTRICT COURT
BRIDGEPORT CONN

| | |
|---|---|
| B.H., by and through his parents and next friends, Mr. and Mrs. C.H. | : CIVIL ACTION NO.<br>: 3:02CV252 (SRU)<br>: |
| V. | : |
| SOUTHINGTON BOARD OF EDUCATION, ET AL. | : JANUARY 11, 2005 |

## SETTLEMENT AGREEMENT

WHEREAS, Mr. and Mrs. C.H. initiated a lawsuit in the United States District Court for the District of Connecticut against the Southington Board of Education, Frances Haag and Anthony D'Angelo under the caption <u>B.H., by and through his parents and next friends, Mr. and Mrs. C.H., v. Southington Board of Education, Frances Haag, in her official and individual capacities, and Anthony D'Angelo, in his official and individual capacities</u>, Civil Action No. 3:02-CV-252 (SRU), seeking, *inter alia*, enforcement of the underlying hearing officer's decision, compensatory education, and monetary damages, including prevailing party legal fees and costs, and have also initiated an administrative hearing before the Connecticut State Department of Education captioned: <u>B.H. v. Southington Board of Education</u>, Case No. 04-261, seeking a ruling as to the appropriateness of B.H.'s educational program for the 2004-05 school year, [collectively "the B.H. litigation"];

WHEREAS, the Southington Board of Education ["the Board"], Francis Haag and Anthony D'Angelo have vigorously defended against the B.H. litigation; and

WHEREAS, the parties have agreed to settle and otherwise resolve the B.H. Litigation so as to avoid the further expenditure legal fees and costs, associated with the current litigation and any possible future litigation involving any claims that could have been raised regarding B.H. educational program from 2000-01 school year to the date of this Agreement.

NOW THEREFORE, in consideration of the mutual promises and forbearance of the parties as set forth herein, the parties agree as follows:

1. <u>Definitions</u>.  It is understood and agreed that the terms (e.g. appropriate, adequate) used in this Agreement refer to the Individuals with Disabilities Education Act, 20 U.S.C.

01/11/05

Sections 1400, *et seq.*, and Connecticut General Statutes Sections 10-76, *et seq.*

    2. <u>Independent Education Consultant</u>. The Defendant Board shall retain Eileen Luddy, Ph.D. as the mutually acceptable independent consultant to B.H.'s special education program through the 2007-2008 school year. As such, Dr. Luddy shall attend B.H.'s planning and team meetings (PPTs); core team planning meetings, as needed; make observations in B.H.'s classes as well as in the home and community environments as she deems necessary; consult with professional, paraprofessional and administrative staff relating to B.H.'s special education program; train the professional and paraprofessional staff and parents as she deems necessary; and assist the Planning and Placement Team in the development and implementation of an appropriate Individual Education Plan (IEP) that provides B.H., to the maximum extent appropriate, with the opportunity to interact with non-disabled peers. The PPT and independent consultant shall address the continuation of the independent consultant after the 2007-2008 school year prior to the close of that school year.

    A. Dr. Luddy will review B.H.'s educational program and progress periodically and make written reports and recommendations to the parties and the PPT as she deems appropriate, but in no event less than twice per school year, relating to all aspects of the program including the development and implementation of an appropriate IEP, including but not limited to:

    - The adequacy of paraprofessional support and staffing including, but not limited to, adequate back-up to the paraprofessionals;

    - The adequacy of supplemental aids and services provided by teaching, paraprofessional and/or related services staff;

- The adequacy of the training of teachers, related services personnel, paraprofessional staff, and the parents.

- The adequacy of community-based supports;

- The adequacy of behavior management programming at school

- The appropriateness of efforts to implement previous recommendations of the independent consultant, including the elimination of recommendations that are no longer relevant.

B. The written recommendations of the independent consultant will be delivered to the Board and to the parents no less than five school days prior to any planning and placement team meeting where such recommendations will be discussed. The independent consultant's recommendations shall be made a part of B.H.'s educational record.

C. The written recommendations of the independent consultant shall be reviewed by the planning and placement team. Such recommendations shall be given substantial weight by the members of the PPT. If the PPT fails to reach agreement concerning any recommendation, Dr. Luddy will finally decide the matter. Such final recommendations shall be implemented by the Defendant Board through the PPT within a reasonable timeframe, as recommended by the independent consultant unless the Defendant Board requests an administrative due process hearing and proves that the recommendation(s) being challenged is(are) not appropriate. In the event the Parents disagree with the consultant's recommendations, they must request an administrative due process hearing when they oppose the consultant's recommendation(s).

D. In the event Dr. Luddy becomes unavailable and/or unwilling to perform the duties specified herein, the parties will agree upon another mutually acceptable independent educational consultant. If the parties cannot agree, each party will appoint an expert and the

appointed experts will name the new independent consultant. The Board shall assume the costs related to this effort.

3. <u>2004-05 School Year Plan</u>. The Defendant Board also agrees to address the following recommendations of the consultant through the PPT.

a. A written back-up plan for the paraprofessional;

b. A written plan and IEP Goal to implement a formal peer support plan to facilitate interactions between B.H. and non-disabled children;

c. Implementation of a written plan to provide integrated therapies;

d. provide an extended day program five days per week. The PPT shall plan specific activities to accomplish this;

e. A plan to train team members defined by the planning and placement team who are involved with B.H.'s education;

f. A written plan to address the space and resources issues identified by the consultant; and

g. A communication program.

4. <u>Independent Communication Consultant</u>. The Defendant Board shall retain, with the advice of the independent consultant, Paul Cassella, a mutually acceptable independent communication consultant with recognized expertise in teaching communication skills to a person with B.H.'s disabilities. This communication consultation shall be for one year unless the term of this consultant is extended by the PPT. This communication consultant shall work with the independent educational consultant, referred to above in paragraph 1, and the PPT in

the design and implementation of a communication program for B.H. that teaches B.H. to use communication skills.

5. The defendants shall pay plaintiffs $153,000 for attorneys' fees and costs. Such payment shall be in full and final settlement of any and all attorney's fees and costs related to the B.H. Litigation. Said payment shall be made to Attorney Shaw within thirty days of Court approval.

6. The defendants shall pay the expert fees of Dr. Gant, Dr. Majure and Dr. Luddy incurred in connection with their depositions and testimony in the *B.H.* litigation.

7. A regular educational administrator in the school B.H. attends shall be assigned overall responsibility for overseeing the implementation of B.H.'s program on a day to day basis. It is understood that this regular education administrator is not the sole person responsible for the implementation of B.H.'s program.

8. The services and programs required by this agreement specified above shall be provided only as long as B.H.'s education remains the responsibility of the defendant Board under state special education laws.

9. Plaintiffs' claim for compensatory education shall be resolved by paying $65,000 to Attorney David C. Shaw within sixty days of the Court approval of this Agreement. Attorney Shaw shall hold this $65,000 in his clients' funds escrow account and transfer such funds to a legal and protected special needs trust that will be established for B.H.'s education after he exits special education subject to the approval and oversight of the Probate Court. The Board shall not be responsible for establishing or maintaining this trust.

10. <u>Court Jurisdiction</u>.  This Settlement Agreement shall be approved by the Court and its implementation ordered.  Plaintiffs' agreement to this settlement is contingent only upon such approval and Order.  The Court will retain jurisdiction over this agreement.

11. The Parents acknowledge and agree that they have had the opportunity to consult with legal counsel who is experienced in education law prior to their signatures of this Agreement, and that they understand that upon the full execution of this Agreement, and in consideration for the promises made by the Board herein, the Parents shall, for themselves and for B.H., their executors, administrators, heirs, beneficiaries, legatees, attorneys, successors in interest and assigns, release and discharge the Board as well as its past or present Board members, administrators, supervisors, teachers, employees, attorneys, representatives and agents, either in their individual or official capacities, from any and all causes of actions or claims whatsoever regarding B.H. that the Parents raised or could have raised in any forum at any time prior to or at the time of their execution of this Settlement Agreement, including, but not limited to, any causes of actions or claims for compensatory education and attorney's fees, pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794, *et seq.*, the Americans with Disabilities Act; 42 U.S.C. §§ 1983 *et seq.,* Conn. Gen. Stat. §§ 10-76a *et seq.*, or any other federal or state law, or at common law.

12. The parties agree that all claims against the individual defendants—Francis Haag and Anthony D'Angelo—will be dismissed with prejudice.  The parents agree to hold this Agreement in escrow pending the filing of such withdrawal.

13. The parties acknowledge and agree that this Settlement Agreement is not intended as, nor should it be construed as, an admission that the Board failed to provide or offer B.H. a free appropriate public education, nor as an admission by the Parents that the Board did provide or offer FAPE to B.H.

ATTORNEY FOR PLAINTIFFS

_____
David C. Shaw, Esq.
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Fed. Bar No. ct05239
Tel. (860) 242-1238
Fax. (860) 242-1507

PLAINTIFF, B.H. by and through his Parents, Mr. and Mrs. C.H.

/s/ MR. C.H.
_____, Parent

/s/ MRS. C.H.
_____ Parent

ATTORNEY FOR THE DEFENDANTS, SOUTHINGTON BOARD OF EDUCATION, FRANCIS HAAG, ANTHONY D'ANGELO

_____
Nicole A. Bernabo, Esq.
Sullivan, Schoen, Campane & Connon LLC
646 Prospect Ave.
Hartford, CT 06105
Fed. Bar No. ct19783
Tel. (860) 233-2141
Fax. (860-233-0516

CHAIRMAN, BOARD OF EDUCATION
SOUTHINGTON PUBLIC SCHOOLS

_____

01/11/05